COOK DRILLING COMPANY ET AL V. GULF OIL CORPORATION.

No. 7929. Decided March 11, 1942.
Rehearing overruled May 6, 1942.
(161 S. W., 2d Series, 1035.)

*Saye & Saye,* of Longview, *Gerald C. Mann,* Attorney General *Tom D. Rowell, Jr., James D. Smullen, Fagan Dickson, Egar W. Cale,* and *E. R. Simmons,* Assistants Attorney Generals, for petitioners.

*Joe S. Brown, John E. Green, Jr.,* both of Houston, and *Stanley Hornsby,* of Austin, for respondents.

*John W. Stayton,* of Austin, *Robert E. Hardwicke,* and *Robert E. Hardwicke, Jr.,* of Fort Worth, and *J. W. Hassell,* of Dallas, filed briefs as amici curiae.

MR. CHIEF JUSTICE ALEXANDER delivered the opinion for the Court.

This is a Rule 37 case. For a copy of the rule see Gulf Land Co. v. Atlantic Refining Co., 134 Texas 59, 131 S. W. (2d) 73, 77. Cook Drilling Company applied for and was granted a permit to drill a well under the exception provided for in Rule 37 on the allegation that same was necessary to prevent confiscation of property and to prevent physical waste. The Gulf Oil Corporation filed suit in the district court to test the validity of the permit, as provided for in Vernon's Ann. Civ. St., Article 6049c, section 8. The trial court cancelled the permit, and this judgment was affirmed by the Court of Civil Appeals. 155 S. W. 638.

Apparently the parties misunderstood the character of trial contemplated by the provisions of Vernon's Ann. Civ. St., Article 6049c, section 8, wherein interested parties are authorized to test the validity of an order of the Railroad Commission under the oil conservation act. Upon the trial of

the case the only material evidence introduced consisted of the file and transcript of the hearing before the Railroad Commission for the permit, and this was introduced for the limited purpose only of showing what evidence the Commission heard at the time it granted the permit. The defendant introduced no evidence whatever. It was upon this record that the trial court entered judgment cancelling the permit.

■ The trial contemplated by the Act in question is not for the purpose of determining whether the Commission actually heard sufficient evidence to support its order, but whether there then existed sufficient facts to justify the entry thereof. Since there is to be a full hearing of the facts in the district court, whether the Commission actually heard sufficient evidence to sustain the order is not material. As is well known, hearings before the Commission are informal. In the vast majority of instances its orders are not contested. It would be placing a useless and intolerable burden on the Commission to require it to make an "appeal-proof" record in every instance. The rights of the parties will be fully protected if, upon a contest of the order in the district court, the parties are given full opportunity to show that at the time the order was entered there did, or did not, then exist sufficient facts to justify the entry of the same. This same question was discussed in Railroad Commission v. Shell Oil Co., 139 Texas 66, 161 S. W. (2d) 1022, (this day decided). See also Magnolia Petroleum Co. v. New Process Production Co., 129 Texas 617, 104 S. W. (2d) 1106.

We do not here have before us a case in which the Commission failed to have a hearing on an application, or in which it is claimed that the Commission failed to act as a body upon such application. That question is not before us, and is not here decided.

Since substantially all of the evidence before the trial court was introduced for the limited purpose of showing that the Commission did not hear sufficient evidence to support the order at the time it was granted, such evidence can be considered for no other purpose. 41 Tex. Jur., 883; Scull v. Jackson, 131 S. W. (2d) 280.

From what has been said it is apparent that the district court did not have before it sufficient evidence to overcome the prima facie presumption of the validity of the order in

question. It is also apparent that the case has not been fully developed.

For these reasons the judments of the trial court and of the Court of Civil Appeals are reversed, and the cause is remanded for a new trial.

Opinion delivered March 11, 1942.

Rehearing overruled May 6, 1942.