**TEXAS TRADING CO. et al. v. STANO-LIND OIL & GAS CO. et al.**

No. 3927.

Court of Civil Appeals of Texas. Beaumont.

April 16, 1942.

Rehearing Denied May 6, 1942.

J. W. Hassell and Prentice Wilson, both of Dallas, Gerald C. Mann, Atty. Gen., and Henry D. Lauderdale, Edgar W. Cale, Tom D. Rowell, Jr., James D. Smullen, and Ed Roy Simmons, Asst. Attys. Gen., for appellants.

Turner, Rodgers & Winn, of Dallas, Donald Campbell, of Tulsa, Okl., W. W. Prior, of Dallas, A. M. Gee, of Findlay, Ohio, J. P. D'Artois and R. L. Benoit, both of Shreveport, La., and Black, Graves & Stayton, of Austin, for appellees.

COMBS, Justice.

This is a Rule 37 case; for a statement of the Rule, see Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73. Texas Trading Company, hereinafter referred to as appellant, owns an oil and gas lease on 3.1 acres of land on the J. B. de Cardena survey in Rusk county. On the 9th day of August, 1939, at that time having one oil well in operation on this lease, appellant made application for a second well, which, on a general hearing, was granted by the Railroad Commission on the 5th day of September, 1939. We take the following statement from the order granting the permit: "The application of Texas Trading, et al for an exception under the provisions of Rule 37 coming on to be heard on the 24th day of August, 1939, by the Railroad Commission of Texas, and it appearing that the petition shows good cause that no injustice will be done by the granting of such exception, and that same should be granted to prevent confiscation of property and to prevent physical waste."

This suit was instituted by appellee, Stanolind Oil & Gas Company, against appellant

and the Railroad Commission, and its members individually, to cancel appellant's permit to drill well No. 2, on allegations that in granting the permit the Railroad Commission "acted arbitrarily and unreasonably, and its order is without foundation in fact for the following reasons: (Here follow allegations of specific facts.)" Ohio Oil Company, on leave of the court, filed its petition of intervention, also praying for cancellation of appellant's permit to drill well No. 2. On trial to the court without a jury, judgment was entered cancelling the permit, from which appellant, joined by the Railroad Commission, duly prosecuted its appeal.

## Opinion.

■ In their briefs, filed before the decision of our Supreme Court in Cook Drilling Co. v. Gulf Oil Corp., 161 S.W.2d 1035, was handed down, appellees strongly urge that the order of the Railroad Commission was invalid because no evidence was introduced in the hearing before the Commission. The cited case is authority for the proposition that whether the Railroad Commission heard evidence on appellant's application to drill well No. 2 was an immaterial inquiry in the lower court; the point was simply whether there existed on the 5th day of September, 1939, the day the Commission granted appellant's application, "sufficient facts to justify the entry thereof." Railroad Commission of Texas v. Shell Oil Co., Inc., Tex.Sup., 161 S.W.2d 1022.

■ We think the record shows that the facts as they existed on the day of the order granting the permit to drill appellant's well No. 2 were insufficient to support the conclusion of the Railroad Commission "that same should be granted to prevent confiscation of property." Much evidence was heard on the point but we deem it unnecessary to summarize it. Suffice it to say that under all of the testimony as we view it, appellant is getting more than its fair share of the oil. On the basis of acres per well, appellant's 3.1 acre tract with one well is already more densely drilled than the eight times circular area around it which contained seven wells for an average density of one well to 3.54 acres. The drilling of the proposed well No. 2, would of course greatly increase appellant's well density advantage. It was also shown that appellant's well No. 1, is closer to the lease lines of its tract than any well on adjacent tracts with but one exception, and as

to that exception the discrepancy was not great. Comparisons were made on the basis of acre feet of oil sand per well, past recovery per acre, and per acre foot; allowable per acre and per acre foot. Comparison sheets reveal that on no basis of comparison used is appellant at a disadvantage. In practically all catagories it is unquestionably ahead of the areas to which it is compared. As we see it, these conclusions are based on cold figures applied to known facts, by recognized methods of comparison, removed from the realm of mere guess and speculation. They show that no additional well is needed now on appellant's tract to prevent either physical waste or confiscation. Appellant is getting its fair share of the oil and enjoys a fair chance to recover the oil and gas under its tract, by its one well. Gulf Land Co. v. Atlantic Refining Co., 134 Tex. 59, 131 S.W.2d 73.

■ Appellant's tract was segregated prior to the present spacing rules. It contends that as a matter of law it is entitled to well No. 2, because under the spacing rules existing when its tract was segregated, and its lease acquired, it had the right to drill said well. The contention is overruled. Spacing rules must be subject to change from time to time to permit fair and equitable adjustment of the machinery of oil proration to meet changing conditions. If a lease owner could acquire a "vested right" in the spacing rules existing at any particular time, then the power of the Railroad Commission to make new rules for regulating drilling and oil production equitably and fairly among lease owners, and properly to conserve the oil resources of the State, would be greatly hindered. In the very nature of the police powers from which the State derives its right to regulate the production of oil and gas, the oil operator can acquire no "vested right" in the mere rules by which the power is exercised from time to time. See Railroad Commission v. Rowan & Nichols Oil Co., 310 U.S. 573, 60 S.Ct. 1021, 84 L.Ed. 1368.

■ The conclusion by the Railroad Commission that appellant's permit to drill well No. 2 should be granted "to prevent physical waste" is also without sufficient evidence to support it. As we understand the evidence on this issue, it went no further than to show that "the more wells are drilled the more oil will ultimately be removed from the field." That contention was affirmatively denied by our Supreme Court in Railroad Commission of Texas v.

Shell Oil Co., Inc., 161 S.W.2d 1022. There was no evidence of any exceptional circumstance working to appellant's disadvantage, nor constituting "waste," as that issue related to that section of the oil field.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.

Affirmed.