**SHELL OIL CO., Inc., et al. v. TRAPP et al.**
**No. 9284.**

Court of Civil Appeals of Texas. Austin.
March 10, 1943.

Rehearing Denied March 31, 1943.

John E. Green, Jr., and Joe S. Brown, both of Houston, Stanley Hornsby, of Austin, R. H. Whilden, of Houston, and Dan Moody and J. B. Robertson, both of Austin, for appellants.

Pollard & Lawrence and W. Dewey Lawrence, all of Tyler, for M. E. Trapp.

Gerald C. Mann, Atty. Gen., and Grover Sellers, Ed. Roy Simmons, James D. Smullen, and Lloyd Armstrong, Asst. Attys. Gen., for Railroad Commission.

BLAIR, Justice.

Rule 37 case. The Commission granted appellee M. E. Trapp's application to drill a second well on a tract of land in the Alexander-McNally Survey, Gregg County, Texas, which according to the map attached contained 1.77 acres. The application for the first well on the tract showed that it contained 1.25 acres, but in fixing the allowable of oil therefrom the Commission considered it as containing 3 acres. The second well was granted on the "1.77 acres or 3 acres" tract, and "to prevent waste and to prevent confiscation" of oil. Appellants Shell Oil Company and Gulf Oil Corporation, owners of adjoining leases, appealed from the order, seeking to set it aside and to enjoin production of oil from the well upon three grounds, as follows:

1. That the second well on the tract was not necessary to prevent waste or confiscation of oil within the meaning of Rule 37.

2. That appellee made an incorrect statement and representation to the Commission as to the configuration, size and acreage of his land and as containing 1.77 or 3 acres, whereas it contained only 1.366

acres, which was drilled more densely than the eight times surrounding area, and that the net drainage of oil was to appellee's tract rather than away from it.

3. That the undisputed evidence showed a bona fide dispute both before the Commission and the trial court as to ownership by appellee of more than 1.366 acres of land, which issue the Commission could not determine, but which issue the trial court could but did not determine; and at the conclusion of appellants' evidence instructed a verdict sustaining the permit to drill the well.

In instructing a verdict and after discussing what the court regarded as confusion in certain Rule 37 cases, the court stated as reasons for the instructed verdict, as follows:

"In this case, then, I am forced to this conclusion,—that the evidence, while it was admissible on the trial de novo, failed to raise or to demonstrate that the evidence before the Railroad Commission was not substantial, because we were talking about one tract of land, and they were talking about another, and that matter has not been decided, and I doubt whether this court should settle it. * * * but the testimony here about drainage, and whether or not there was another well necessary there to protect the rights of the parties, I think comes within the purview and discretion of the Railroad Commission, and that overbalances the situation. I know we can't balance it from this point here."

 The trial court erred in instructing a verdict upon the grounds stated, but should have proceeded under the rule announced in the recent cases of Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022; Cook Drilling Co. et al. v. Gulf Oil Corp. 139 Tex. 80, 161 S.W.2d 1035; and Letwin et al. v. Gulf Oil Corp. Tex.Civ.App., 164 S.W.2d 234, 235, writ of error refused, wherein this court construed these Supreme Court decisions to state the rule to be:

"The Supreme Court held in the cases cited herein that the trial of the validity of an order granting a permit to drill an oil well as an exception to Rule 37 is de novo and is not for the purpose of determining whether at the time the order was entered there was substantial evidence before the Commission to justify the order; but that the question was whether at the time the order was entered there then existed sufficient evidence to justify the entry of the or-

der; and that whether the Commission actually heard evidence to sustain the order is immaterial as regards the court trial."

 In reversing and remanding the cause for another trial we hold that neither the pleadings nor proof showed a bona fide title dispute as to the land claimed by appellee Trapp. Appellants admitted that appellee owned 1.366 acres of land on which he had one well. The issue raised is whether the tract of land owned by appellee has an equal opportunity to obtain its fair share of the oil with the one well, and proof of whether his tract contains 1.77 acres or 3 acres is material to the determination of that issue; which issue as to acreage may be determined by a survey of the tract or by a calculation of the field notes contained in the instruments under which appellee claims title. These are matters which the trial de novo rule requires should be tried. If the tract contains 1.366 acres, or 1.77 acres, or 3 acres, the court should then determine the relative positions of the wells as to drainage to or from the tract as well as the density to which the surrounding leases have been drilled. This proceeding is under the settled rule that on the issue of confiscation the burden is upon the one attacking the permit to show that without the well in question the tract involved has already been accorded an equal opportunity with the surrounding leases to recover its fair share of oil lying in place beneath the tract, or its equivalent, which means all oil originally beneath the land, and all oil which has migrated thereto under the laws of nature, and oil which may be necessary to compensate for oil drained from the tract by wells on adjacent leases. The density of drilling on the eight times area surrounding the lease is not conclusive, though an aid to determining the issue of drainage or confiscation, but such issue also rests upon other conditions affecting drainage and particularly the relative positions of the wells involved. Atlantic Oil Production Co. v. Railroad Comm., Tex.Civ.App., 85 S.W.2d 655; Humble Oil & Refining Co. v. Railroad Comm., Tex.Civ.App., 99 S.W.2d 401; Shell Oil Co. v. Railroad Comm., Tex.Civ.App., 133 S.W.2d 791; Magnolia Pet. Co. v. Railroad Comm., Tex. Civ.App., 169 S.W.2d 253, decided by this Court on March 3, 1943.

 If the facts are the same on the next trial as to waste, then no issue of waste is presented as a matter of law; but

only an issue of confiscation to be tried in accordance with the rule stated herein.

The judgment of the trial court is reversed and the cause is remanded for trial in accordance with this opinion.

Reversed and remanded.