DEPARTMENT OF PUBLIC SAFETY,
Appellant,

v.

James Robert PETTY, Appellee.

No. 11933.

Court of Civil Appeals of Texas,
Austin.

June 28, 1972.

Rehearing Denied July 19, 1972.

Crawford C. Martin, Atty. Gen., Nola White, 1st Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers and Guy C. Fisher, Asst. Attys. Gen., for appellant.

Marschall, Hall & McLaughlin, Philip R. Lane, San Angelo, for appellee.

O'QUINN, Justice.

This lawsuit began with appeal by appellee to the county court of Tom Green County from a decision of the Department of Public Safety denying renewal of appellee's license to operate a commercial vehicle.

The county court heard appellee's appeal in a trial *de novo*, refusing to apply the substantial evidence rule, and at the conclusion of the trial rendered judgment for appellee. The Department of Public Safety has appealed and brings seven points of error.

The controlling issue is whether the county court correctly followed the mandate of the Legislature, as stated in Sections 22(c) and 31 of Article 6687b, Vernon's Anno.Rev.Civ.Sts., in hearing appellee's appeal as a trial *de novo* and in refusing to apply the substantial evidence rule. The position of the Department of Public Safety is that the statutory requirement that any appeal prosecuted under Article 6687b be conducted as a trial *de novo* violates Article II, Section 1, of the Constitution of Texas, Vernon's Ann.St.

We will affirm the trial court's judgment.

Section 22(c) of Article 6687b prescribes that:

"In all appeals prosecuted in any of the courts of this state pursuant to Section 22(a) or Section 31, such trials shall be de novo as that term is used and understood in appeals from Justice of the Peace Courts to County Courts. When such an appeal is filed and the court thereby acquires jurisdiction, all administrative or executive action taken prior thereto shall be null and void and of no force and ef-

fect, and the rights of the parties thereto shall be determined by the court upon a trial of the matters in controversy under rules governing the trial of other civil suits in the same manner and to the same extent as though the matter had been committed to the courts in the first instance and there had been no intervening administrative or executive action or decision. Under no circumstances shall the substantial evidence rule as interpreted and applied by the courts of Texas in other cases ever be used or applied to appeals prosecuted under the provisions of this Act." (Acts 1941, 47th Leg., p. 245, ch. 173, Sec. 22, as amended, enacting subsec. (c), Acts 1959, 56th Leg., 2nd C.S., p. 161, ch. 41, and as further amended Acts 1965, 59th Leg., p. 1663, ch. 717, sec. 3)

Under Section 22(a), referred to in Section 22(c), administrative procedures for suspending or revoking licenses are provided and licensees are accorded the right of appeal "to the county court of the county wherein the [administrative] hearing was held, said appeal to be tried de novo." (As amended by Acts 1971, 62nd Leg., p. 2496, ch. 819, sec. 1) Section 31, also referred to in Section 22(c), authorizes any person denied a license, or whose license has been cancelled or revoked, in an administrative procedure to file a petition within thirty days in county court "to determine whether the petitioner is entitled to a license or is subject to suspension, cancellation or revocation of license . . . Provided the trial on appeal . . . shall be a trial de novo and the licensee shall have the right of trial by jury and his license shall not be suspended pending the appeal."

The Department urges under its first four points that the trial in county court should have been under the substantial evidence rule and contends that the mandate of Article 6687b requiring the appeal to be tried de novo violates the provision for separation of powers in Article II, section 1, of the Constitution of Texas.

· ██ Whether a review statute, such as Section 22(c) of Article 6687b, is in violation of the Constitution depends upon the nature of the power to be exercised by the court. The separation of powers provision of the Constitution prohibits courts from exercising other than judicial functions in such appeals. If the function of the administrative agency is legislative, review in court is governed by the substantial evidence rule, and the court may not substitute its judgment for that of the agency. Railroad Commission v. Shell Oil Co., 139 Tex. 66, 161 S.W.2d 1022 (1942); Cook Drilling Company v. Gulf Oil Corporation, 139 Tex. 80, 161 S.W.2d 1035 (1942). But if the agency has acted in a judicial or quasi-judicial capacity, the factual basis for its order or decision when reviewed by a court must be established by a preponderance of the evidence in a trial de novo. Key Western Life Ins. Co. v. State Board of Insurance, 163 Tex. 11, 350 S.W.2d 839 (1961).

The appellee in this case was the holder of a commercial operator's license that expired in August of 1971. Prior to the expiration date appellee made application for renewal and paid the required fee. The Department of Public Safety submitted appellee's case to the Medical Advisory Board for medical evaluation. The Board requested appellee to submit to medical examination by a physician of appellee's choice. The examining physician reported appellee's visual acuity for both eyes, with correction, to be 20/70. Based upon the Department's consideration of appellee's application and an evaluation report by the Medical Advisory Board, the Department issued an order denying appellee the further privilege of operating a motor vehicle.

The order of denial was issued under the authority of subsections 8 and 9, Section 4, of Article 6687b. Under Section 4 "The Department shall not issue any license . . .

"8. To any person when in the opinion of the Department such person is afflicted

with or suffering from such physical or mental disability or disease as will serve to prevent such person from exercising reasonable and ordinary control over a motor vehicle while operating the same upon the highways, nor shall a license be issued to any person who is unable to identify and understand highway warnings or direction signs in the English language; provided, however, no person shall be refused a license because of any physical defect unless it be shown by common experience that such defect incapacitates him from safely operating a motor vehicle . . .

"9. To any person when the Department has good cause to believe that the operation of a motor vehicle on the highways by such person would be inimical to public safety or welfare . . . "

The record shows that appellee was restricted in 1968 and 1969 to driving speeds of 45 miles per hour in daylight hours only because of his impaired vision. Appellee's eye defect is congenital in nature, being a want of adequate cones in the retina to afford distinct perception of details. In 1946 appellee's vision was 20/70 and 20/50, and in 1969 his corrected vision in both eyes was 20/80 and on occasions was shown to fluctuate up to 20/200 and 20/400 without correction. It appears undisputed that appellee, because of his visual handicap, has difficulty reading road signs at distances and is able to read the signs only when he is close to them.

Under the provisions of Section 4, subsection 8, the Department may not refuse a license because of physical defect "unless it be shown by common experience that such defect incapacitates" the person from safely operating a motor vehicle. In such case the decision of the Department as to whether a license will issue, considering the physical handicap, becomes a question of fact to be determined from common experience.

The Supreme Court stated the rule we consider controlling under the facts of this case in Scott v. Texas State Board of

Medical Examiners, 384 S.W.2d 686, 690–691 (Tex.Sup.1964). The Court stated: "The validity of a full *de novo* appeal requirement turns on the nature of the act of the administrative agency contemplated by the statute to which the appeal requirement refers. An important consideration is whether the administrative action called for by the empowering legislative act involves public policy or is policy-making in effect, or whether the action concerns only the parties who are immediately affected." In *Scott* the Court found that the trial was an inquiry as to the action of one man only, and that the medical board had not decided questions of a broad general policy.

In the case before us the Department, in finding . that appellee suffered from a physical handicap which in fact incapacitated him from safely operating a motor vehicle, determined a fact related to one individual and did not by its order make a general policy affecting the physically handicapped in all future cases.

We hold that appellee's appeal properly was tried *de novo* and that it was not error for the county court to refuse to hear the appeal under the substantial evidence rule. The legislative mandate contained in Section 22(c) of Article 6687b does not violate the separation of powers provision of the Constitution in license cases involving refusal of a license because of a physical handicap.

Under the Department's remaining points of error the contentions are made that (1) under provisions of the statute governing examination of applicants neither the Department nor the trial court had authority to issue or approve the issue of a license; that (2) it was error not to admit the report of the Medical Advisory Board; and that (3) the findings (a) that appellee was not afflicted with a physical disability that would prevent him from exercising reasonable and ordinary control over a commercial vehicle on the highway and (b) that appellee's operation was not

inimical to public safety were findings against the overwhelming weight and preponderance of the evidence.

■ It is undisputed that the Department did not request or require appellee to take an examination in connection with application for renewal of his license. Under Section 18(d) the Department is authorized to "prescribe the procedure and standards for arranging and conducting examinations for renewal of licenses." The sections relied on by the Department pertaining to examinations are applicable to original applications as opposed to renewals. The issue of examination was not before the trial court, except as to physical examinations to make determinations under subsection 8 of Section 4 pertaining to appellee's physical disability. The point of error is overruled.

■ The Department's contention that the trial court erred in not admitting the report of the Medical Advisory Board is without merit. The record shows that the entire file of the Board was admitted. The trial court did exclude the opinions only of the Department and of the Board contained in the Department's "Driver Improvement" file. All of the opinions of the Medical Advisory Board excluded by the court found in the "Driver Improvement" file were contained in the Medical Board's Report which was admitted into evidence in its entirety. Opinions of the Department and of the Board, as found in the "Driver Improvement" departmental file were simply opinions of an administrative agency and were not admissible as such in a trial *de novo*. Insofar as the opinions of the Board pertained to determination of the medical condition of the applicant, such reports were made admissible in the trial court under provisions of Section 21A(b). The point raised in this connection is overruled.

■ Under its final point the Department urges that the trial court's findings are against the great weight and preponderance of the evidence. We find that the great weight and preponderance of the evidence supports the court's findings relative to the safety of appellee's operation of a motor vehicle. The only medical expert who testified stated that appellee has adapted to his condition and adjusted for his vision deficiency, having driven with the same vision for twenty to thirty years. The witness testified that considering all things the appellee is a reasonable, safe driver, without blind spots, and with normal lateral acuity, and that his eye condition is not progressive; that appellee has some cone sensors in his eyes, although he has a smaller number than normal.

Both appellee and his wife testified that appellee hunts doves, ducks, and turkeys, usually shooting birds on the wing, and that appellee generally gets his limit of such game. Appellee testified that in watching his honey bees fly he can tell whether the bees are coming in heavy by their manner of flight. Appellee watches football games and television and sees well enough to enjoy such activities, and is able to observe small animals along the highway as he is driving. Appellee has driven 30,000 miles per year for twenty-five years, during which time he has had only two minor accidents. Appellee's wife testified that she always felt safe riding with her husband and did not notice any difference in his driving from that of anyone else.

The record shows that appellee met the visual standards of the Department when he was given an eye examination by an opthalmologist at the request of the Medical Advisory Board. The Department's final point of error is overruled.

The trial court entered judgment ordering the Department of Public Safety to issue renewal of appellee's commercial operator's license "with restriction for a maximum speed of 45 miles per hour and a restriction requiring corrective lenses."

The judgment of the trial court is in all things affirmed.

Affirmed.