**AMERICAN DIVERSIFIED MUTUAL LIFE INSURANCE COMPANY, Appellant,**

v.

**TEXAS STATE BOARD OF INSURANCE, et al., Appellees.**

No. 13590.

Court of Appeals of Texas, Austin.

April 7, 1982.

Rehearing Denied May 5, 1982.

Guy C. Fisher, Austin, for appellant.

Mark White, Atty. Gen., Charmaine J. Rhodes, Asst. Atty. Gen., Austin, for appellees.

PHILLIPS, Chief Justice.

The question for decision is the validity of an order of the Texas State Board of Insurance denying approval of appellant's proposed life insurance policy form in which

payment of premiums and benefits were to be made in a foreign currency.

The Board found the proposed policy to be in violation of the laws and public policy of the State of Texas.

The trial court affirmed the Board's order denying approval of the proposed policy. We reverse the judgment and remand the case to the Insurance Board with an instruction to approve the policy form.

Appellant submitted an ordinary life insurance policy form, designated as Policy Form ADMSF 105 10/78, for approval by the State Board of Insurance for use in the State of Texas on October 18, 1978. The policy form specified that payment of premiums and benefits were to be made in a foreign currency, Swiss francs. The Commissioner of Insurance entered Order No. 78–3472 on November 7, 1978, denying approval of the proposed policy form.

Pursuant to a motion for rehearing, the Commissioner of Insurance agreed to reconsider approval of the policy. On May 17, 1979, Commissioner's Order No. 79–1636 was entered, affirming the previous order of disapproval. The policy form was disapproved by the Commissioner pursuant to the requirements of Tex.Ins.Code Ann. art. 3.42(f) (1981).[1]

The State Board of Insurance reviewed the Commissioner's Order, and on November 20, 1979, the Board entered Order No. 36344, affirming the Commissioner's Order denying approval of the policy. Appellant properly exhausted all administrative remedies and filed suit for judicial review of the Board's order.

The trial court proceeded to review the administrative action according to the substantial evidence rule. Pursuant to such a review, the court found the Board's Order to be supported by substantial evidence and to have contained no error of law. Alternatively, and in response to Appellant's Motion for Summary Judgment, the parties filed stipulations of fact and represented to

---

1. All further statutory references in this opinion shall be to the Insurance Code unless otherwise noted.

the court that no factual issues were in dispute. Upon review of the stipulations, which review constituted a trial *de novo* by the court, the trial court found the Board's Order to be proper.

Other than the issue of the appropriate standard of judicial review of the Board's action in this case, there is no procedural matter complained of by the parties. The substantive issue to be decided by this Court is whether the Texas State Board of Insurance has the authority to disapprove a foreign currency life insurance policy for use in the State of Texas. The resolution of this issue depends on whether this Court finds such a policy to be in violation of the insurance laws and the public policy of the State of Texas.

The only difference between the policy form before us and whole life policies previously submitted and approved by the Texas State Board of Insurance is that this one is denominated in Swiss francs and the others in dollars. Appellant brings several points of error which, in effect, present this one substantive question. This question may be broken down into several subquestions as to whether or not the policy constitutes variable life insurance or is against the public policy of the State. This leaves as a remaining procedural question whether the appeal to the district court should have been a trial *de novo* or under the substantial evidence rule.

## I

Policy form approval, as controlled by Article 3.42(f) of the Insurance Code, provides the State Board of Insurance shall forthwith disapprove any such form or withdraw any previous approval thereto *if and only if*: (1) it is in any respect a violation of, or does not comply with, the Code, (2) it contains provisions which encourage misrepresentations or are unjust, unfair, inequitable, misleading, deceptive or contrary to law or to the public policy of the State, or (3) it has any title, heading or other indication of its provisions which are misleading.

As pronounced in *Key Western Life Insurance Co. v. State Board of Insurance*, 163 Tex. 11, 350 S.W.2d 839 (1961), the Texas State Board of Insurance can only exercise such authority as is conferred upon it by law in clear and unmistakable terms and the same shall not be construed as being inferred by implication. 350 S.W.2d at 848. The same standard of authority applies to the trial court in the *de novo* proceedings provided by statute. The Supreme Court therefore concluded that, upon a literal reading of Article 3.42(f), the State Board of Insurance does not have broad legislative discretion, and is empowered to disapprove a form for certain specific reasons only and may not dictate to the insurance companies a particular form to be used. Thus, the State Board of Insurance and the trial court's only duty is to determine whether the form of the policy submitted for its approval meets the standards prescribed by statute.

It was undisputed throughout the hearing before the Commissioner of Insurance and the Texas State Board of Insurance, as well as in the trial court, that Policy Form ADMSF 105 10/78 contains no provisions which encouraged misrepresentation, or were unjust, unfair, misleading, deceptive, or contrary to the public policy of the State. Neither was it alleged or contended by the state that the policy had any title, heading or other aspect of its provisions which were misleading. Therefore, the only legal basis upon which the Texas State Board of Insurance and the trial court could disapprove for marketing in Texas the policy form would be Article 3.42(f), § 1, i.e., that the policy form was in violation of or did not comply with the Texas Insurance Code. The only provision in the policy which is different than policies previously approved and currently being sold in Texas, is that the policy is denominated in Swiss francs rather than dollars.

Although, there are no specific provisions in the Texas Insurance Code which authorize the issuance of a foreign currency policy, there are, conversely, no provisions which prohibit the issuance of a policy in a medium of exchange other than dollars. In

fact, the U. S. dollar policy is not specifically authorized by the Texas Insurance Code.

Article 3.01 of the Code, § 1, defines a life insurance company as "a corporation doing business under any charter involving the payment of *money or other thing of value,* conditioned on a continuance or succession of human life, or involving an insurance guaranty contract or pledge for the payment of endowments or annuities." (emphasis added). The Insurance Code, therefore, does not expressly prohibit the issuance of a life insurance policy denominated in Swiss francs. To the contrary, the "money or other thing of value" language seems to authorize such policies.

There is nothing illegal or unlawful in a company contracting to do business in Texas in Swiss francs, and such contracts are fully enforceable. The Insurance Code does not expressly prohibit the receipt of premiums in Swiss francs, nor the payment of benefits in Swiss francs.

Nor does the Insurance Code require the policy be issued only in American dollars, legal tender in the United States. What is or is not legal tender in the United States has no relevancy whatsoever to parties contracting to do business in Swiss francs. The Insurance Code expressly adopts "thing of value," rather than "legal tender" as the medium in which insurance business may properly be transacted.

A review of the policy provisions of Policy Form ADMSF 105 10/78 reveals that said form does not provide that reserves will be maintained by appellant on the business in force in Swiss francs, nor does the policy form provide the investment by appellant from premiums received from sales of said policies be maintained in Swiss francs. It is interesting to note, however, that pursuant to Article 3.39 of the Insurance Code, entitled, "Authorized Investments and Loans for Domestic Life Insurance Companies," any domestic company authorized to transact business in a foreign country may invest in the same kind of securities of that country as heretofore authorized in the United States of America. Again, by implication, the Insurance Code authorizes a domestic company to market a life insurance policy in Switzerland and invest the premiums received in Swiss franc assets.

Indeed, the Board's own actuary testified that the Swiss franc currency value of total premiums paid, future nonforfeiture benefits or cash surrender values, reserves on business in force throughout the life of the policy and benefits to be paid at a future date can be ascertained, calculated and stated.

## II

■ We also hold the policy in question does not constitute variable life insurance.

It was stipulated the only provision of the policy before us which the Board alleges renders the policy variable life as contrasted with a whole life policy form are those portions of the policy denominated in Swiss francs. The policy form provisions, as submitted, provide for a level premium and fixed benefit. That is, the benefit in the term of Swiss francs remains constant and does not vary in accordance with the investment experience of the company. Therefore, the policy cannot be variable merely because of the fluctuating value of the currency in which it was denominated.

Variable life insurance has not been defined by the code. However, a "variable annuity contract" is defined as "any policy or contract which provides for and includes insurance or annuity benefits which may vary according to investment results." Article 3.72, § 1. Whether the policy is ordinary or variable is actuarial in nature and deals with variability of benefits with regard to premiums. If a fixed relationship exists between premiums and benefits, no segregated investments are required, no equity performances need be accounted for, and no variability exists.

In previous orders, the Insurance Board has defined an annuity and stated that the payments are to be made in money. Both dollars and francs are money. If an insurance policy in a foreign currency was varia-

ble by virtue of the fact that it was denominated in a foreign currency, then all insurance sold by U. S. companies in foreign countries not denominated in U. S. dollars would fall into that category.

 As to the question of whether the insurance contract in question is against the public policy of the state, the court in *Key Western Life Insurance Company v. State Board of Insurance*, supra, held public policy would be abridged only where the contracts of insurance contain provisions which encourage misrepresentation or are unjust, unfair, inequitable, misleading, or deceptive. None of these categories are applicable here.

### III

The trial court should have reviewed the order on a *de novo* basis. Tex.Rev.Civ. Stat.Ann. art. 6252–13a § 19(c) (1982). Article 1.04(f) establishes the standard of review in Insurance Board cases:

> The action shall not be limited to questions of law and the substantial evidence rule shall not apply, but such action shall be tried and determined upon a trial de novo to the same extent as now provided for in the case of an appeal from the Justice Court to the County Court.

Such *de novo* review of an agency action is proper where the agency exercised quasi-judicial authority, but is not allowed where the agency engaged in setting down general rules as part of its quasi-legislative power. *Scott v. Texas Board of Medical Examiners*, 384 S.W.2d 686 (Tex.1964).

The Texas Supreme Court has held approval of individual insurance policy forms is a quasi-judicial act and that *de novo* review is proper. *Key Western Life Insurance Co. v. State Board of Insurance*, supra.

The judgment of the trial court is reversed and the cause is remanded to the Insurance Board with instructions to approve the policy form.

Reversed and Remanded with Instructions.