TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-98-00513-CV







David Ronald Macias, Appellant



v.



Carole Keeton Rylander, in her Official Capacity as Comptroller of Public


Accounts of the State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 200TH JUDICIAL DISTRICT


NO. 96-07543, HONORABLE MARGARET A. COOPER, JUDGE PRESIDING








 Appellant David Ronald Macias appeals the district court's order granting summary
judgment in favor of Carole Keeton Rylander, Comptroller of Public Accounts of the State of
Texas (the "Comptroller"), (1) upholding the Comptroller's suspension of Macias's customs broker's
license. The district court found that substantial evidence exists to support the Comptroller's order
suspending Macias's customs broker's license for 120 days based on a finding of good cause. 
Macias argues that summary judgment was improper because the court reviewed the Comptroller's
order under an incorrect standard of review and the evidence did not support the court's disposal
of the case by summary judgment. We will reverse the district court's judgment and remand the
case to that court for a trial de novo.


BACKGROUND AND PROCEDURAL HISTORY

 Pursuant to the Texas Tax Code, tangible personal property otherwise subject to
the imposition of the sales tax imposed by the State is exempted from that tax if the property is
exported outside of the United States. See Tex. Tax Code Ann. § 151.307(b) (West Supp. 1999)
("Tax Code"). To claim the exemption, a claimant must provide proof of export. Id. Such proof
may be shown, inter alia, by documentation issued by a customs broker licensed by the
Comptroller bearing the appropriate export stamp and certifying that delivery of such property was
made to a point beyond the territorial limits of the United States. See id. § 151.307(b)(2)(A)-(C). 
A licensed customs broker or authorized employee of the broker may issue the documents to
establish such an exemption pursuant to procedures promulgated by the Comptroller by rule. See
id. § 151.157(a).

 Macias is a licensed customs broker. On March 11, 1995, Carolina Ramirez de
Salinas, a Mexican citizen, purchased several items of clothing from a Marshall Field's store in
San Antonio. That same afternoon, Ramirez sought an export certificate for these items from
Victor Garcia, an employee of Macias. Based on Ramirez's oral and written assurances that she
intended to take the merchandise to Mexico without using it in the United States, Garcia issued
a stamped export certificate to Ramirez that afternoon. The certificate averred that the clothing
was exported to Mexico from Hidalgo at 2:30 p.m. on March 11, 1995. However, at the time the
certificate was issued, Ramirez's purchases were still in the United States. After obtaining the
certificate, Ramirez returned to Marshall Field's and used the certificate to claim a sales tax
exemption and receive a refund of the taxes previously paid on her purchases. Ramirez did not
take the merchandise from the United States to Mexico until March 13.

 Based on these events, the Comptroller notified Macias that, for good cause, she
was proposing to suspend his customs broker's license for 120 days. (2) See id. § 151.157(f) (for
good cause, Comptroller may suspend license issued to customs broker); 34 Tex. Admin. Code
§ 3.360(n)(3) (1998) ("TAC") (listing acts or omissions of licensed broker that constitute good
cause for suspension). Macias requested an administrative hearing to contest the suspension of
his license. See Tax Code § 151.157(f) (proceeding to suspend broker's license is a contested case
under chapter 2001 of Government Code). Following a hearing, the administrative law judge
("ALJ") issued a proposed decision, finding that Macias was in violation of section 151.307(b)
of the Tax Code and Comptroller rules 3.360(n)(3)(C) (3) and 3.360(n)(3)(K). (4) The ALJ
recommended that "the 120-day suspension of [Macias's] license be probated from days 61-120
following the date of administrative finality of the final decision in this case." However, based
on the ALJ's findings, the Comptroller ordered Macias's license be suspended for 120 days
without probation. 

 Macias brought suit in district court, seeking judicial review of the Comptroller's
order and a declaratory judgment that his license should not be suspended because issuance of the
export certificate to Ramirez was proper. See Tax Code § 151.157(f) (district courts have
exclusive jurisdiction to review contested cases). The Comptroller moved for summary judgment
on two grounds: (1) that her decision to suspend Macias's license is supported by substantial
evidence; and (2) even if the proper standard of review is by trial de novo, the undisputed evidence
establishes as a matter of law that Macias engaged in conduct warranting suspension for 120 days. 
The district court granted the Comptroller's motion for summary judgment, finding that the
Comptroller's order suspending Macias's license was based on good cause as shown by substantial
evidence, affirming the 120-day suspension, and denying Macias's request for declaratory relief. 
The court's order also included "Mother Hubbard" (5) language. See Mafrige v. Ross, 866 S.W.2d
590, 592 (Tex. 1993) ("If a summary judgment order appears to be final, as evidenced by the
inclusion of language purporting to dispose of all claims or parties, the judgment should be treated
as final for purposes of appeal.").

 Macias complains on appeal that: (1) the district court reviewed his complaint
under an improper standard of review; (2) the district court erred in granting summary judgment
under any standard of review because the evidence establishes that he did not violate the Tax Code
or the Comptroller's rules; (3) "under a trial de novo standard of review," the district court erred
in affirming the 120-day suspension because there exist fact issues as to whether this is the
appropriate sanction; and (4) the district court erred in denying Macias's request for declaratory
relief.


DISCUSSION By his first issue, Macias asserts that the district court improperly applied the
substantial-evidence rule when she reviewed the Comptroller's order suspending his broker's
license. Macias relies on section 151.157(f) of the Tax Code, which provides that judicial review
of a proceeding to suspend a customs broker's license is by trial de novo. See Tax Code
§ 151.157(f) ("A proceeding to suspend . . . a [broker's] license . . . is a contested case under Chapter
2001, Government Code. Judicial review is by trial de novo."). Notwithstanding this provision,
the Comptroller urges that the district court properly reviewed her order pursuant to the
substantial-evidence rule because pure de novo consideration of the legislative acts of an agency
violates the separation of powers provision of the Texas Constitution. See Tex. Const. art. II, § 1. 
We must determine, therefore, whether a trial de novo of the Comptroller's charges against Macias
violates the constitution, allowing only substantial-evidence review confined to the agency record.

 "[W]here the legislative branch has expressly provided for review by the courts,
it must clearly appear that the review exceeds judicial authority before the legislation will be held
to transcend constitutional bounds." Fire Dep't v. City of Fort Worth, 217 S.W.2d 664, 666 (Tex.
1949). To determine the constitutionality of a statute conferring appeal by trial de novo rather
than review of an agency action, we inquire "whether the reviewing court is required to exercise
a function that is deemed non-judicial." Key W. Life Ins. Co. v. State Bd. of Ins., 350 S.W.2d
839, 847 (Tex. 1961); see also Department of Pub. Safety v. Petty, 482 S.W.2d 949, 951 (Tex.
Civ. App.--Austin 1972, writ ref'd n.r.e.) (courts are required to exercise judicial function). 
Stated another way, we must determine whether the actions of the administrative agency are
legislative or judicial in nature. See Key W. Life, 350 S.W.2d at 847. If the function of the
agency is legislative, judicial review is constrained by the substantial-evidence rule because the
court may not substitute its judgment for that which is considered to be a legislative function. See
Petty, 482 S.W.2d at 951. However, when an agency has acted in a judicial or quasi-judicial
capacity, a court may conduct a trial de novo without violating separation-of-powers principles. 
See id; see also American Diversified Mut. Life Ins. Co. v. Texas State Bd. of Ins., 631 S.W.2d
805, 809 (Tex. App.--Austin 1982, writ ref'd n.r.e.) (trial de novo proper where agency exercised
quasi-judicial authority).

 Generally, an administrative agency acts in a legislative capacity when it addresses
broad questions of public policy and promulgates rules for future application "to all or some part
of those subject to its power." Key W. Life, 350 S.W.2d at 847; see Scott v. Texas State Bd. of
Med. Exam'rs, 384 S.W.2d 686, 691 (Tex. 1964); American Diversified, 631 S.W.2d at 809 (trial
de novo "not allowed where agency engaged in setting down general rules as part of its quasi-legislative power."). A judicial inquiry, on the other hand, typically involves an investigation of
present or past facts and a determination of liability based on laws already in existence. See Key
W. Life, 350 S.W.2d at 847; Scott, 384 S.W.2d at 691. In determining whether an administrative
agency was acting in a legislative or judicial capacity, we ask whether the administrative action
implements broad public policy or concerns only the parties immediately affected. See Scott, 384
S.W.2d at 690-91; see also Key W. Life, 350 S.W.2d at 847 (approval of individual insurance
policy form by State Board of Insurance is quasi-judicial function, properly subject to trial de
novo); Petty, 482 S.W.2d at 952 (Department of Public Safety, in determining whether person
suffering from physical handicap was incapacitated from safely operating motor vehicle, was not
making general policy affecting all future cases; rather, it was determining fact related to one
individual and thus trial de novo was proper).

 Here, the Comptroller was clearly acting in a judicial or quasi-judicial capacity
when she suspended Macias's license. The Comptroller was not in the process of promulgating
rules that would broadly affect customs brokers as a whole. Instead, she engaged in a factual
inquiry into the conduct of a particular individual. See Scott, 384 S.W.2d at 691 (fact questions
inherent in Board of Medical Examiners' decision to revoke medical license typical of those
decided by a judge or jury on evidence introduced in court). Specifically, the Comptroller
investigated Macias's activities, applied the existing rules regarding suspension of brokers'
licenses, and concluded that Macias's conduct constituted good cause for suspension. We hold
that conducting a trial de novo of the Comptroller's charges against Macias would not violate the
separation of powers provision of the constitution.

 Because the district court erred in conducting a substantial-evidence review of the
Comptroller's order, we will remand this case to the district court for consideration by trial de
novo. (6)


CONCLUSION We reverse the district court's judgment and remand this case to that court for
further proceedings not inconsistent with this opinion.



 

 Lee Yeakel, Justice

Before Justices Jones, B. A. Smith and Yeakel

Reversed and Remanded

Filed: June 10, 1999

Publish
1. This appeal was originally filed in the name of the predecessor to the present Comptroller.
We have substituted the current holder of that office as the correct party to this proceeding. See
Tex. R. App. P. 7.2(a). 
2. See 34 Tex. Admin. Code § 3.360(n)(4) (1998) (Comptroller may suspend license for no
fewer than 60 days and no more than 120 days if broker's license has not been previously
suspended or revoked).
3. See 34 TAC § 3.360(n)(3)(C) (1998) (
delivering export certification if all or a portion of
the property described thereon was not actually exported at the time and place of the date reflected
on the certification form constitutes cause for suspension).
4. See 34 TAC § 3.360(n)(3)(K) (1998) (failing to exercise responsible supervision and control
over conduct of export certification business, including inadequate supervision of employees,
constitutes good cause for suspension).
5. "A Mother Hubbard clause generally recites that all relief not expressly granted is denied." 
Mafrige v. Ross, 866 S.W.2d 590, 590 n.1 (Tex. 1993).
6. By his remaining issues, Macias argues that summary judgment is improper because there
exist disputed fact issues on each ground presented by the Comptroller. However, the district
court granted summary judgment on the first ground asserted in the Comptroller's motion for
summary judgment: that the Comptroller's order was supported by substantial evidence. When
the district court grants summary judgment, "we limit our consideration to the grounds upon
which summary judgment was granted . . . ." and must remand the cause to allow the court to rule
on the remaining grounds. State Farm Fire & Cas. Co. v. S.S., 858 S.W.2d 374, 380 (Tex. 1993)
(quoting Delaney v. University of Houston, 835 S.W.2d 56, 58 (Tex. 1992)). Therefore, we will
not address the remaining issues brought by Macias on appeal as they must await district-court
consideration under the correct standard.



ct to trial de
novo); Petty, 482 S.W.2d at 952 (Department of Public Safety, in determining whether person
suffering from physical handicap was incapacitated from safely operating motor vehicle, was not
making general policy affecting all future cases; rather, it was determining fact related to one
individual and thus trial de novo was proper).

 Here, the Comptroller was clearly acting in a judicial or quasi-judicial capacity
when she suspended Macias's license. The Comptroller was not in the process of promulgating
rules that would broadly affect customs brokers as a whole. Instead, she engaged in a factual
inquiry into the conduct of a particular individual. See Scott, 384 S.W.2d at 691 (fact questions
inherent in Board of Medical Examiners' decision to revoke medical license typical of those
decided by a judge or jury on evidence introduced in court). Specifically, the Comptroller
investigated Macias's activities, applied the existing rules regarding suspension of brokers'
licenses, and concluded that Macias's conduct constituted good cause for suspension. We hold
that conducting a trial de novo of the Comptroller's charges against Macias would not violate the
separation of powers provision of the constitution.

 Because the district court erred in conducting a substantial-evidence review of the
Comptroller's order, we will remand this case to the district court for consideration by trial de
novo. (6)


CONCLUSION We reverse the district court's judgment and remand this case to that court for
further proceedings not inconsistent with this opinion.