Jesus L. GARCIA, Appellant,

v.

CITY OF SAN ANTONIO et al., Appellees.

No. 14683.

Court of Civil Appeals of Texas.

San Antonio.

April 17, 1968.

Rehearing Denied May 15, 1968.

Samuel L. Egger, Thomas J. Lee, San Antonio, for appellant.

Howard C. Walker, City Attorney, Crawford B. Reeder, Asst. City Attorney, San Antonio, for appellees.

BARROW, Chief Justice.

This is an appeal from a take-nothing judgment entered in appellant's appeal under Art. 1269m, § 18, Vernon's Ann. Civ.St., from an order of the Firemen's & Policemen's Civil Service Commission of the City of San Antonio, permanently discharging appellant from the Fire Department of the City of San Antonio.

Appellant was indefinitely suspended by the Fire Chief for violation of Rule XX, Sec. 120, of the Civil Service Rules of said City. This rule declares the following shall be grounds for removal: "Acts of said employee showing a lack of good moral character" and "whose conduct was prejudicial to good order." It was charged that appellant, who was off duty, entered Fire Station No. 16, while all the members on duty were out on a false alarm, and wrongfully removed and carried away an envelope containing approximately $7.50 which belonged to the March of Dimes.

Under his first two points appellant asserts that the district court erred in admitting evidence which was not heard by the Commission, in that the foregoing statute provides for a trial de novo. Specifically he complains of the introduction into evidence of a written statement signed by him wherein he admitted said offense. Although he was questioned at length by

the Commission Chairman concerning this statement and thereby admitted the substance of same, the statement itself was not received into evidence by the Commission. On the other hand, it was offered and received into evidence at the district court hearing.

In Fire Department of City of Fort Worth v. City of Fort Worth, 147 Tex. 505, 217 S.W.2d 664 (1949), the Supreme Court held that although Sec. 18, supra, provides for a trial de novo, this term as applied to reviews of administrative orders has come to have a well-defined significance in the decisions of this State, and as a rule has been taken to mean a trial to determine only the issues of whether the agency's ruling is free of the taint of any illegality and is reasonably supported by substantial evidence. This rule was recently restated by the Supreme Court in Firemen's and Policemen's Civil Service Commission of City of Port Arthur v. Hamman, 404 S.W.2d 308 (1966), wherein the Court said: "Hamman's appeal to the courts is governed by the substantial evidence rule as correctly held by the Court of Civil Appeals. Section 18 of Article 1269m provides that appeals to the district court from decisions of the Commission 'shall be tried de novo.' A substantial evidence trial is a trial de novo and is in full compliance with the statutory requirement of a de novo trial on appeal."

■ It is equally well settled as to the meaning of a trial under the "substantial evidence rule." In Gerst v. Nixon, 411 S.W.2d 350, 354 (Tex.Sup.1966), this rule was stated as follows: "In the usual judicial review of an administrative order in Texas, the issue is not whether the regulatory agency actually heard and considered sufficient evidence to reasonably support its action, but whether at the time the questioned order was entered there then existed sufficient facts to justify the agency's order. The evidence actually heard by the agency is not material but the parties are given a full opportunity in their appearance before a judicial body 'to show that at the time the order was entered there did, or did not, then exist sufficient facts to justify the entry of the same.' Cook Drilling Company v. Gulf Oil Corporation, 139 Tex. 80, 161 S.W.2d 1035 (1942)." See also Southern Canal Co. v. State Board of Water Engineers, 159 Tex. 227, 318 S.W.2d 619 (1958); Jones v. Marsh, 148 Tex. 362, 224 S.W.2d 198 (1949); Cruz v. City of San Antonio, 424 S.W.2d 45 (Tex.Civ. App.—San Antonio 1968, no writ); Kavanagh v. Holcombe, 312 S.W.2d 399 (Tex.Civ.App.—Houston 1958, writ ref'd n. r. e.). The trial court did not err in admitting evidence which was not formally introduced before the Commission.

■ Appellant urges in his remaining two points that there was not substantial evidence introduced in the trial court to reasonably support the Commission's order of dismissal and that the proceedings were tainted with illegality. A written statement was given by appellant to an investigator for the Fire Department wherein he fully admitted taking the envelope. This statement was taken after appellant had verbally admitted this act and after he had been warned by the investigator that same would be used against him. In addition to this admission, a lady who operated a cafe near the station testified that appellant entered the station while the fire truck was out on a run. The envelope containing the money belonging to the March of Dimes was seen by the Lieutenant in charge of the station just prior to this run and was missing

after they returned. This is substantial evidence reasonably supporting the charge that appellant's conduct in wrongfully removing from the station said envelope belonging to the March of Dimes was prejudicial to good order.

Appellant was not charged with the offense of turning in a false alarm, although it was alleged that the envelope was removed under such circumstances. It was shown that the envelope was taken while the firemen on duty were all out of the station answering a reported grass fire which turned out to be a false alarm. On cross-examination of the deputy fire chief by appellant's attorney at the commission hearing, it was developed that appellant was interrogated concerning a tape made of the false alarm. After this matter was gone into by appellant's attorney, appellee's attorney on redirect developed that this witness identified appellant's voice on the tape made of the reported fire.

■ Sec. 16 of Art. 1269m requires written charges to be filed by the responsible department head within 120 hours after an officer or employee is suspended and prohibits the amendment of same. In Bichsel v. Carver, 159 Tex. 393, 321 S.W.2d 284 (1959), it was held that this statute limits the Chief to his original written charges which may not be amended. See also Firemen's & Policemen's Civil Service Commission v. Hamman, supra. Here there was no finding by either the Commission or the trial court that appellant had turned in the false alarm. The record is not tainted with such illegality as to deprive appellant of due process.

The judgment is affirmed.

CADENA, Justice.

I agree that the judgment below should be affirmed. But, because of vices inherent in the Texas version of the "substantial evidence" test,[1] I would base the

---

1. As pointed out in the opinion of the Chief Justice, the Texas decisions fully support the doctrine that a court, in reviewing the action of an administrative agency, is not in the least concerned with the question of whether the agency actually heard and considered evidence which reasonably supports its action. The result is that, in an appeal from an administrative ruling, there takes place in the reviewing court what appears to be a full re-trial of the fact issues, and it is to the record of this judicial proceeding, rather than to the evidence adduced before the administrative agency, that the substantial evidence test is applied.

With specific reference to the Firemen's and Policemen's Civil Service Act (Article 1269m), the legislatively declared purpose of the statute, as enunciated in Section 16a, is to assure efficient fire and police departments composed of competent personnel who enjoy "permanent tenure of employment as public servants." To secure this objective, the statute creates a Civil Service Commission to review the action of a department head in hiring, promoting, demoting and discharging employees protected by the statute, and Section 16a expressly commands the Commission, when sitting as an appeal board to hear the complaint of an aggrieved employee, to conduct the hearing "fairly and impartially" and to "render a fair and just decision, *considering only the evidence presented before them in such hearing*." (Emphasis added.)

The substantial evidence test, as applied by the Texas courts in appeals from rulings of the Civil Service Commission, does not look toward accomplishing the purpose of the statute by insuring that the aggrieved employee's complaint is heard by a fair and impartial tribunal which will judge the case solely on the basis of the evidence it hears. According to the opinion in Gerst v. Nixon, Tex., 411 S.W. 350, 354 (1911), "the evidence actually heard by the agency is not material." By adopting this theory, the courts have effectively deprived the employee of a right which the legislature deemed essential to the realization of the purpose of Article 1269m—the right

affirmance solely on the ground that even if, as appellant insists, the reviewing court should consider only the evidence heard by the Civil Service Commission, the evidence heard by that agency reasonably supports its action in dismissing appellant from his position in the fire department of the City of San Antonio.

to a fair and impartial hearing before an agency which will act only on the basis of the evidence which it hears.

There is nothing in the doctrine of separation of powers which requires the doing of such violence to the clear language of Section 16a. The theory of that doctrine, as well as the pragmatic consideration which are believed to justify the application of the substantial evidence test, would be as well served by a rule which limits judicial review of administrative action to a consideration of the evidence actually heard by the agency. Further, such a rule, as applied to the Civil Service Commission created by Article 1269m, would have the salutary effect of giving full force to the clear expression of legislative will embodied in Section 16a of the statute.