William **LINDSEY**, Appellant,

v.

**FIREMAN'S AND POLICEMAN'S CIVIL SERVICE COMMISSION OF THE CITY OF HOUSTON and the City of Houston,** Appellees.

No. 14–97–00674–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Sept. 17, 1998.

Rehearing Overruled Oct. 22, 1998.

---

Burt Springer, Houston, Texas, for appellant.

Rudy Valasquez, Houston, Texas, for appellee.

Before Justices YATES, AMIDEI, and FOWLER.

## OPINION

FOWLER, J.

Appellant, William Lindsey, appeals from a cross-motion for summary judgment in favor of appellees, Fireman's and Policeman's Civil Service Commission of the City of Houston and the City of Houston ("the City"). The real issue before us is whether the hearing examiner and Civil Service Commission are authorized to apply a section of the Local Government Code to a specific set of facts and thereby determine if the City acted in accordance with the section or violated it. We hold that the Commission and its Hearing Examiners have this authority and therefore affirm the trial court's judgment.

## PROCEDURAL FACTS

The issue in the civil service context, before the case reached the courts, was whether Lindsey violated a civil service rule and whether the City acted in a timely manner in notifying Lindsey of his suspension and in imposing his suspension.

Lindsey, an officer with the Houston Police Department, was being investigated for a possible civil service violation on December 19, 1994. If HPD was going to suspend Lindsey, it was required to "impose" the suspension no later than 180 days after it learned of the violation. *See* TEX.LOC. GOV'T.CODE ANN. § 143.117(d) (Vernon Supp. 1998). Following an internal investigation, HPD issued a letter on June 13, 1995, notifying Lindsey that he was suspended for a period of five days, from June 19, 1995 through June 23, 1995. The notification of suspension was made within 180 days from the time HPD learned of the violation, but the suspension did not start until after the 180 days had passed. Lindsey appealed the suspension to an independent third-party hearing examiner, claiming that HPD failed to take action within the 180 days required under section 143 .117(d) of the Texas Local Government Code. *See* TEX.LOCAL GOV'T .CODE ANN. § 143.117(d) (Vernon Supp. 1998). The hearing examiner upheld the suspension, apparently deciding that HPD did impose the suspension within 180 days. Lindsey then filed suit in district court contending the hearing examiner exceeded his authority because he "interpreted" section 143.117(d) when he determined whether HPD's "notification of suspension" fell within the definition of "impose." He filed a motion

for summary judgment on this basis. HPD responded with its own motion for summary judgment, ignoring Lindsey's "interpretation argument, and choosing instead to show two things: (1) Lindsey failed to raise any allegations that would fall within the exceptions thereby allowing him to appeal and (2) the hearing examiner correctly interpreted the statute. The district court granted HPD's cross-motion for summary judgment. In his sole point of error, Lindsey contends he could appeal to the district court because the hearing examiner exceeded his jurisdiction by interpreting section 143.117(d).

## STANDARD OF REVIEW

A defendant prevails on a motion for summary judgment if he can establish with competent proof that, as a matter of law, there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action. *See Gibbs v. General Motors Corp.,* 450 S.W.2d 827, 828 (Tex.1970). If the defendant bases his motion for summary judgment on an affirmative defense, he must prove all the elements of such a defense as a matter of law. *See Montgomery v. Kennedy,* 669 S.W.2d 309, 310–11 (Tex.1984). "Once the movant establishes a right to summary judgment, the non-movant in his response must expressly present any reasons seeking to avoid the movant's entitlement, and such reasons must be supported by summary judgment proof to establish a fact issue." *Cummings v. HCA Health Serv. of Texas,* 799 S.W.2d 403, 405 (Tex.App.—Houston [14th Dist.] 1990, no writ); *see Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982).

An appellate court employs the following standards to review summary judgment proof:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *see Karl v. Oaks Minor Emergency Clinic,* 826 S.W.2d 791, 794 (Tex.App.—Houston [14th Dist.] 1992, writ denied).

## DISCUSSION

In one point of error, Lindsey contends the district court erred in granting the defendant's cross-motion for summary judgment.[1] Lindsey's specific claim is that the hearing examiner exceeded his authority because he interpreted a section of the Local Government Code which defines the limitations of HPD's power to impose disciplinary suspensions. *See* Tex.Loc.Gov't.Code Ann. § 143.117 (Vernon Supp.1998). Lindsey also maintains that the hearing examiner wrongly interpreted the statute.

HPD contends the district court properly granted its cross-motion for summary judgment because, under section 143.1016(c), Lindsey had no right to appeal the ruling of the independent third party hearing examiner unless he fell within one of three exceptions. *See* Tex.Loc.Gov't.Code Ann. § 143.1016(c), (j) (Vernon Supp.1998).

The local government code sets out the procedures for disciplining civil servants such as police officers. The initial disciplinary action comes from within the department. An officer, at his own discretion may appeal a disciplinary action, including a suspension to either the civil service commission or to an independent third-party hearing examiner.

---

1. Lindsey argues the district court lacked jurisdiction to review the hearing examiner's decision because the hearing examiner's decision was void for lack of jurisdiction. We have chosen not to interpret Lindsey's point of error as saying that the district court lacked jurisdiction because we do not think that is what he intended by the point of error. To the contrary, the City is claim-ing the trial court had no jurisdiction because Lindsey's case did not fall within any of the exceptions allowing an appeal from a hearing examiner. Lindsey, on the other hand, wants the trial court to have jurisdiction, because that is the only way he can have his case reviewed by the courts.

*See* Tex.Local Gov't.Code Ann. § 143.1016(a) (Vernon Supp.1998). A hearing examiner's decision is final and binding on all parties. *See* Tex.Local Gov't.Code Ann. § 143.1016(c) (Vernon Supp.1998). By electing a hearing examiner, the officer waives all rights to appeal to a district court except under the following very limited circumstances: (1) the officer claims that the hearing examiner was without jurisdiction, (2) the officer claims the hearing examiner exceeded her jurisdiction, or (3) the officer claims that the order was procured by fraud, collusion, or other unlawful means. *See* Tex.Local Gov't.Code Ann. § 143.1016(j) (Vernon Supp.1998).

Lindsey elected to appeal to a hearing examiner. With this election, Lindsey forfeited the right to appeal to a district court unless he can establish that one of the exceptions applies. As we have said before, Lindsey has tried to fall within an exception by claiming that the hearing examiner interpreted the meaning of section 143.117(d) of the Texas Local Government Code when she had no authority to do so. We disagree.

■ Under section 143.009(a), "the commission or a commission member designated by the commission may investigate and report on *all matters relating to the enforcement and effect* of this chapter and any rules adopted under this chapter and shall determine if the chapter and rules are being obeyed." *See* Tex.Loc.Gov't Code Ann. § 143.009(a) (Vernon 1988) (emphasis added). When statutes are enacted, it is presumed that a just and reasonable result is intended and that a result feasible of execution is intended. *See* Tex.Gov't Code Ann. § 311.021(3), (4) (Vernon 1988). In fact the code gives the commission authority to adopt rules "that prescribe cause for removal or suspension of a fire fighter or police officer." Tex.Loc.Gov't Code Ann. § 143.008(c) (Vernon 1988). For the commission to properly and efficiently perform its duties it must necessarily have the ability to apply the rules it seeks to adjudicate and determine if it is following the rules. And, clearly, in the case of rules it has adopted, it has authority to interpret them. Furthermore, the code clearly states that the commission may inves-

tigate, report, and make decisions on matters relating to the enforcement and effect of the rules. To enforce and effect the rules, the commission must be able to understand the rules and, therefore, must be able to apply them to questions involving police officers, to interpret them and to enforce them. The Legislature has stated that a hearing examiner conducting a hearing has the same duties and powers as the commission. *See* Tex.Loc.Gov't Code Ann. § 143.1016(f) (Vernon Supp.1998). This authority includes applying, interpreting, and enforcing rules adopted by the commission and the procedural rules the legislature has adopted to govern suspensions. The appellate courts should not disturb this authority without a clear showing of an abuse of authority. *See City of Carrollton Civil Service Comm'n v. Peters,* 843 S.W.2d 186, 189 (Tex.App.—Dallas 1992, writ denied); *Dallas Transit System v. Mann,* 750 S.W.2d 287, 290–91 (Tex. App.—Dallas 1988, no writ).

Lindsey has cited us to two cases, one a Texas court of appeals case, and one a federal court of appeals case that relies solely on the Texas court of appeals case. Both of these cases state that a civil service commission does not have the authority to construe a statute or ordinance or decide a question which is purely one of law. *See Mylett v. Mullican,* 992 F.2d 1347, 1351 (5th Cir.1993); *City of Wichita Falls v. Harris,* 532 S.W.2d 653, 659 (Tex.Civ.App.—Fort Worth 1975, writ ref'd n.r.e.). The language from *Harris,* which makes the broad statement that the commission has no authority to construe a statute or ordinance, is dicta and unsupported by authority. *See Harris,* 532 S.W.2d at 659. Likewise, *Harris* is the only authority *Mylett* gives for its blanket statement that a commission has no authority to answer pure questions of law. *See Mylett,* 992 F.2d at 1351. Unfortunately, the statements are so broad and vague, that we cannot tell from either opinion if they conclude that the commission has no authority to interpret the very rules and statutes it is required to apply and operate under.

In our opinion, such a conclusion would stymie and completely hobble civil service commissions and independent hearing exam-

iners hearing appeals of suspensions and other disciplinary actions. We chose not follow them.

In short, we conclude that the independent hearing examiner had the authority to apply section 143.117 to the case before him and to decide if the police department correctly applied the section to Lindsey's case. Therefore, Lindsey, by choosing to go to a hearing examiner instead of the Commission, lost his right to appeal, and the district court had to dismiss the case because it was without jurisdiction to hear it.

We overrule Lindsey's point of error, and affirm the trial court's judgment.