Claire PHILLIPS, Appellant,

v.

CITY OF HOUSTON TEXAS and Former Chief of Police Sam Nuchia, American Arbitration Association, and Dr. William Detwiler, Appellees.

No. 14–98–00663–CV.

Court of Appeals of Texas, Houston (14th Dist.).

April 29, 1999.

Frank J. Ross, Houston, for appellant.

Danita Roy Wiltz, Rhonda Denice Walls, Houston, for appellees.

Panel consists of Justices MAURICE E. AMIDEI, EDELMAN and WITTIG.

## OPINION

DON WITTIG, Justice.

Appellant, Claire Phillips, appeals from a motion for summary judgment in favor of appellees, City of Houston and Former Chief of Police Sam Nuchia (the City).[1] Appellant asserts the trial court erred by granting the City's summary judgment based on a finding that the hearing examiner did not exceed his jurisdiction. We hold the trial court was correct in its ruling, and therefore, affirm the trial court's judgment.

### Procedural Facts

Initially, the issue was whether appellant was guilty of activities violating civil service rules and the Texas Penal Code. Appellant, a Houston Police Officer, was being investigated for possible civil service and penal code violations. On April 10, 1992, Officer Osburn saw appellant, a part owner, working at her bar, C. Phil's Piano Bar and Grill (C. Phil's). Located in C. Phil's was an electronic poker machine. The evidence reveals this machine was being used for illegal gambling activities. See TEX. PEN.CODE ANN. § 47.04, 47.06 (Vernon 1994). The April 10th incident

was the result of an investigation prompted by a January 6, 1992 complaint.

To suspend appellant, the City was required to do so no later than 180 days after it learned of the violation. See TEX. LOC. GOV'T.CODE ANN. § 143.117(d) (Vernon Supp.1999). The City is entitled, however, to issue an indefinite suspension after the 180–day period following the discovery of the act "if the department head considers delay necessary to protect a criminal investigation of the person's conduct" and files a statement describing the investigation and its objectives within 180 days after the act with the attorney general. Id. at § 143.1017(h).

The City filed its statement with the attorney general on August 5, 1992, less than 180 days from the found violation of April 10, 1992. As a result, the City continued its investigation and indefinitely suspended appellant on Jan 27, 1993. The City suspended appellant for being untruthful in her administrative statement, for keeping a gambling place, and for possessing a gambling device or equipment.

Appellant rejected her option to appeal her suspension to the Civil Service Commission. Rather, she chose to appeal to an independent third party examiner, thereby waving all rights to an appeal in a district court. Id. at 143.1016(a). The only exception to the district court waiver is that "the arbitration panel was without jurisdiction or exceeded its jurisdiction or that the order was procured by fraud, collusion, or other unlawful means." Id. at 143.1016(j). Consequently, appellant filed suit in district court asserting that the hearing examiner exceeded his authority and for declaratory relief. The City filed a motion for summary judgment asserting the hearing examiner did not exceed his authority, and appellant responded to the contrary. The trial court granted the City's motion for summary judgment.

1. Appellant's notice of appeal listed the City of Houston, Former Chief of Police Sam Nuchia, American Arbitration Association, and Dr. William Detwiler; however, appellant's brief only lists the City of Houston and Former Chief of Police Sam Nuchia.

## Standard of Review

The standard of review in this case is two tiered. We must first determine whether the district court had jurisdiction. Then, we must apply the traditional summary judgment standard. Because appellant was unable to establish that the district court had jurisdiction, we will only elaborate on the standard of review regarding jurisdiction. Further, appellant did not challenge summary judgment as the proper method for addressing these issues. Therefore, we need not further discuss the summary judgment standard.

By statute, the Legislature gives the hearing examiner the same duties and powers as the commission. TEX. LOC. GOV'T.CODE ANN. § 143.1016(f). The hearing examiner may investigate, report on all matters relating to the enforcement and effect of this Chapter and any rules adopted under it, and shall determine if the Chapter and rules are being obeyed. *Id.* at 143.009(a). Therefore, the hearing examiner must have the ability to apply the facts to the rules and determine if he is obeying them. *Lindsey v. Fireman's and Policeman's Civil Serv. Comm'n.,* 980 S.W.2d 233, 236 (Tex.App.—Houston [14 th Dist.] 1998, pet. denied); *Nuchia v. Tippy,* 973 S.W.2d 782, 786 (Tex.App.—Tyler 1998, no pet.) ("examiner was authorized to make a determination of fact").

■ The review of the District Court's jurisdiction is a question of law for the appellate court. *See Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex. 1998), *petition for cert. filed,* 67 U.S.L.W. 3149 (U.S. Aug. 6, 1998) (No. 98–249). Similarly, if the facts are undisputed then our review of whether the hearing examiner abused his discretion is de novo because we would only be reviewing whether the statutes as a matter of law are applicable to the undisputed facts. To the contrary, if the facts are disputed and involve the witnesses' credibility, then we must give deference to the hearing examiner in determining whether he abused his discretion in applying the controverted facts to the statutes. We should not disturb the hearing examiner's findings or authority without a clear showing of an abuse of discretion. *See Lindsey,* 980 S.W.2d at 236. Accordingly, although the question of jurisdiction is one of law, any disputed facts favoring jurisdiction vel non by the hearing officer must be reviewed by the abuse standard.

## Analysis

In his fifth and sixth points of error, appellant contends the trial court erred in finding the hearing examiner did not exceed his jurisdiction. Specifically, she argues the hearing examiner exceeded his jurisdiction because (1) the 180–day period ran from the complaint, January 6, 1992, not the found violation, April 10, 1992, resulting in an untimely letter to the attorney general; (2) the extension letter to the attorney general lacked necessary specificity; and (3) the extension to suspend, based on the attorney general letter, was faulty because no delay was necessary to protect the criminal investigation of appellant's conduct since she had already been arrested and was well aware of the criminal investigation. Because appellant's fifth and sixth points fail to demonstrate that the trial court had jurisdiction, we will not address her other points of error.

### *Complaint or Violation*

■ Appellant argues that the 180–day period ran from the day of the complaint, January 6, 1992, not the day of the found violation.

The department head may suspend a . . . police officer under this section only if the person *violates* a civil service rule. However, the department head may not suspend a . . . police officer later than the 180th day after the date the department head discovers or becomes aware of the civil service *rule violation.* If . . . it is alleged that the . . . police officer under investigation committed another violation . . . connected with the first

alleged violation, the 180–day period prescribed by this subsection does not begin again ... if the second violation in question does not involve untruthfulness ..., and therefore the department head may not suspend a ... police officer for the second violation later than the 180th day after the date the department discovers or becomes aware of the *original violation.*

TEX. LOC. GOV'T.CODE ANN. § 143.117(b) (emphasis added). The statute clearly speaks in terms of found violations, not mere allegations or complaints, to commence the 180–day period. *Id.*

Based on the evidence, the first found violation was on April 10, 1992. As a result, the department head was authorized to suspend appellant within the next 180 days. *Id.* at 143.117(b). To suspend appellant after this initial 180–day period the department head is required to send, within the initial 180–day period, the attorney general a letter. *Id.* at 143.1017(h). The department head's letter, sent August 5, 1992, was well within the 180–day period. The only contrary evidence is that the complaint that started the investigation occurred on January 6, 1992. The hearing examiner, however, heard the evidence and concluded the first confirmed violation was on 10th of April. The evidence does not demonstrate the hearing examiner's conclusion was arbitrary or unreasonable. *See Goode v. Shoukfeh,* 943 S.W.2d 441, 446 (Tex.1997). Therefore, the hearing examiner did not abuse his discretion by concluding the department head's letter to the attorney general was timely, extending the original 180–day period.

### Attorney General Letter

■ Next, appellant argues the department head's letter to the attorney general lacked the requisite specificity. For an indefinite suspension after the 180–day period, the Texas Local Government Code requires the department head to file with the attorney general "a statement describing the criminal investigation and its objec-

tives within 180 days after the date the act complained of occurred." *Id.* 143.1017(h). The department head's letter stated:

. The Houston Police Department Internal Affairs Division is currently conducting a criminal investigation into the activities of Houston Police Department Employee # 76086. These activities, if proven, would constitute a Felony and these acts are clearly violative of the Texas Penal Code. The objective of our criminal investigation is the successful prosecution of any and all persons found to have violated any provisions of the Texas penal Code.

The hearing examiner found this letter to sufficiently describe the criminal investigation and its objectives. The letter, however, is not controverted thus we must determine whether it is sufficient as a matter of law to comply with section 143.1017(h). Although brief, we find this letter is sufficient to describe the criminal investigation and its objectives. Because the hearing examiner correctly applied the facts to the law, we find the examiner did not abuse his discretion.

### Necessary Delay

■ Finally, appellant argues the hearing examiner exceeded his authority because the extension to allow an indefinite suspension outside the 180–day period was faulty because no delay was necessary to protect the criminal investigation of appellant's conduct. Specifically, appellant asserts the department head could not have considered delay to be necessary to protect a criminal investigation of her conduct because she was arrested June 8, 1992, and well aware of the criminal investigation prior to the department head's August 5, 1992 letter.

Although appellant was arrested June 8, 1992, the hearing examiner concluded the investigation continued. The examiner noted certain items were seized from appellant and her bar when she was arrested. This evidence revealed additional possible violations of the Texas Penal Code

that needed to be investigated. Therefore, the hearing examiner found that the investigation was continuing as on August 5, 1992, and the department head believed the additional time allowed by the letter to the attorney general was "necessary to protect a criminal investigation of [appellant's] conduct." Based on the record before us, we find the hearing examiner did not abuse his discretion.

## Conclusion

We agree with the trial court, Judge Tracy Christopher, that the hearing examiner had jurisdiction and did not exceed his authority. Accordingly, the trial court did not have jurisdiction to hear appellant's appeal. We affirm the judgment of the trial court.