Affirmed and Memorandum Opinion filed June 17, 2004









Affirmed and Memorandum Opinion filed June 17, 2004.

 

 

In The

 

Fourteenth Court of Appeals

____________

 

NO. 14-03-00489-CV

____________

 

DAMON L. ALSUP, Appellant

 

V.

 

THE CITY OF
HOUSTON,
Appellee

 



 

On Appeal from the 333rd
District Court

 Harris County, Texas

Trial Court Cause No. 02-56872

 



 

M E M O R A N D U M  O P I N I O N

Appellant, Damon L. Alsup, appeals the
summary judgment granted in favor of the City of Houston in his appeal to the
district court from the final order of the Fire Fighters= Civil Service
Commission.  We affirm.








Alsup was employed as a firefighter with
the City.  Alsup was also an Army
Reservist, and on September 9, 2001, Alsup reported to Fort Bragg, North
Carolina to attend a 25-day course for selection to the Army Special
Forces.  On September 12, 2001, while
Alsup was away, the City posted a notice announcing a promotional examination
for the position of Engineer/Operator. 
The deadline for registration of the exam was October 12, 2001.  

Although Alsup returned to work on October
6, 2001, he was not sent to his home station until October 10, 2001.  Alsup saw the posted promotional exam on
October 10, 2001, but failed to register for the exam by the October 12
deadline.  In the past, exceptions to the
registration deadline were made frequently. 
However, Lonnie Vara, Director of Human Resources, issued a directive on
October 5, 2001, providing that no exceptions to the registration deadline
would be allowed for future police and fire promotional exams.  Alsup was not granted an exception to the
October 12, 2001 registration deadline and, therefore, was not allowed to sit
for the exam.  

Alsup filed a grievance, complaining that
he was not allowed to register for the promotional exam after the registration
deadline.  On August 28, 2002, a
grievance examiner conducted a Afull and complete
evidentiary hearing@ on Alsup=s grievance.  The grievance examiner denied Alsup=s grievance and
made the following findings:  (1) the
City has the authority to set deadlines for registration for promotional exams
and to refuse to allow exceptions to those deadlines; (2) Alsup knew about the
exam registration deadline at least two days prior to the deadline; and (3)
Alsup failed to register prior to the deadline. 


Alsup appealed the grievance examiner=s findings and
recommendations to the Firefighters= Civil Service
Commission.  The Commission sustained the
grievance examiner=s findings and denied Alsup=s request to
overturn the grievance examiner=s decision.  Alsup then appealed the Commission=s final order to
the district court.  The City moved for
summary judgment on Alsup=s appeal of the Commission=s order.  The trial court granted the City=s motion for
summary judgment.  Alsup appeals the
summary judgment.








As a preliminary matter, the City contends
that we do not have jurisdiction because Alsup did not timely file his notice
of appeal.  We disagree.  The trial court entered its final judgment on
February 28, 2003.  The record reflects
that on March 28, 2003, Alsup filed his motion to modify the judgment.  A notice of appeal must be filed within 90
days after the judgment is signed if any party timely files a motion to modify
the judgment.  Tex. R. App. P. 26.1(a)(1). 
Thus, Alsup=s 
notice of appeal, which was filed on April 28, 2003, was timely.  

Appellant contends the trial court erred
in granting summary judgment in favor of the City.  To prevail on a motion for summary judgment,
a party must establish that no material fact issue exists and it is entitled to
judgment as a matter of law.  Rhone-Poulnec,
Inc. v. Steel, 997 S.W.2d 217, 222 (Tex. 1999).  In conducting this review, we take as true
all evidence favorable to the nonmovant, and we make all reasonable inferences
in the nonmovant=s favor. 
KPMG Peat Marwick v. Harrison County Hous. Fin. Corp., 988 S.W.2d
746, 748 (Tex. 1999).  








A firefighter who is dissatisfied with any
commission decision may appeal the decision to district court for trial de
novo.  Tex.
Loc. Gov=t Code Ann. ' 143.015 (Vernon 1999).  Trial de novo, however, has been interpreted
to mean review under the substantial evidence rule.  Firemen=s and Policemen=s Civil Serv. Comm=n v. Brinkmeyer, 662 S.W.2d 953,
955 (Tex. 1984).  In this context, trial
de novo means A>a trial to
determine only the issues of whether the agency=s rule is free of
the taint of any illegality and is reasonably supported by substantial
evidence.=@ Id. at 955B56 (quoting Fire
Dep=t of City of Fort Worth v. City of Fort
Worth, 141 Tex. 505, 217 S.W.2d 664, 666 (1949)).  The trial court must inquire whether the
evidence introduced before it shows facts in existence at the time of the
administrative decision which reasonably support the decision.  Id. 
While the trial court must hear and consider evidence to determine
whether reasonable support for the administrative order exists, the agency is
the primary fact-finding body, and the question to be determined by the trial
court is strictly one of law.  Id.  If there is substantial evidence to support
the Commission=s order, the courts are bound to follow
the discretion of the administrative body. 
Id.  

At a trial on the merits, Alsup would bear
the burden of showing that the Commission=s order was not
supported by substantial evidence; however, it is the City=s burden, as
movant for summary judgment, to show the Commission=s order was
supported by substantial evidence.  Turner
v. City of Carrollton Civil Serv. Comm=n, 884 S.W.2d 889,
894 n.4 (Tex. App.CAmarillo 1994, no writ).  

Alsup complains that the City, in
violation of Chapter 143 of the Local Government Code, refused to allow him to
register after the posted deadline and denied him entry into the
Engineer/Operator exam, while allowing another firefighter to take the exam
without having registered prior to the posted deadline.  Alsup also complains that Lonnie Vara,
Director of the Fire Fighter=s Civil Service
Commission of Houston, in violation of the Local Government Code, failed to
provide him with a copy of the Civil Service Commission Rules after Alsup
requested those rules.  

The Commission has the ability to apply
the rules it seeks to adjudicate and determine if it is following the
rules.  Lindsey v. Fireman=s & Policeman=s Civil Serv. Comm=n, 980 S.W.2d 233,
236 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  The Commission further has the
authority to interpret any rules it has adopted.  Id. 
The hearing examiner similarly has the ability to apply the facts to the
rules and determine if she is obeying them. 
Phillips v. City of Houston, 993 S.W.2d 357, 359 (Tex. App.CHouston [14th
Dist.] 1999, no pet.); Nuchia v. Tippy, 973 S.W.3d 782, 786 (Tex. App.CTyler 1998, no
pet.).  

After conducting a full evidentiary hearing on Alsup=s complaint, the grievance
examiner found that even though Alsup had learned of the promotional exam two
days prior to the registration deadline, he, nonetheless, had failed to
register.  The grievance examiner,
explaining her decision, stated:








Accepting as true
each and every claim made by Mr. Alsup as to the absence of the test
registration notice on the bulletin boards and his inability to get the
information needed to prompt him to register prior to the deadline, Mr. Alsup
testified that he knew about the deadline two days in advance.  He had two days to register.  Yes, he was very busy on those two days.  But had this test registration been a
priority for him, he could have registered. 
He testified that his Captain would have allowed him to leave the station
to register, but that he did not want to ask him because they were
understaffed.  This is a noble
gesture.  However, Mr. Alsup cannot
reasonably expect to prevail in this hearing when he admits that he knew about
the impending deadline, but did not request time away from the station to
register, and did not register when he was off-duty because he was busy with
other work-related matters.  However
understandable his reasons, the fact remains that he had time, in spite of his
military leave, to register for the exam prior to the deadline and he failed to
do so.

Alsup complains that another firefighter,
John Englehardt, was allowed to register for the promotional exam after the
posted deadline.  At the hearing, Diana
Rathjen, manager of the Classified Testing Division, testified that Englehardt=s case involved
different circumstances.  Englehardt was
indefinitely suspended during the entire time of the posting period, and was
not eligible to sign up for the exam. 
Englehardt was eventually reinstated to full benefits as if he had never
been off the City=s payroll effective October 20, 2001.[1]  








We conclude the City met its burden to
show that substantial evidence supported the Commission=s decision.  Therefore, the trial court properly granted
summary judgment.  Accordingly, the
judgment of the trial court is affirmed. 


 

 

 

 

 

/s/      J. Harvey Hudson

Justice

 

 

 

 

Judgment
rendered and Memorandum Opinion filed June 17, 2004.

Panel
consists of Justices Yates, Anderson, and Hudson.











[1]  The City asserts that evidence
regarding Englehardt was not presented to the hearing examiner and Alsup cannot
present evidence to the district court that was not presented to the hearing
examiner.  Contrary to the City=s contention that the hearing
examiner did not hear of evidence of Englehardt=s circumstances, such evidence was
clearly presented at the hearing. 
Moreover, the trial court may hear evidence not presented to at the
grievance hearing because Athe issue is not whether the regulatory agency actually
heard and considered sufficient evidence to support its action, but whether at
the time the questioned order was entered there then existed sufficient facts
to justify the agency=s order.@ 
Richardson v. City of Pasadena, 513 S.W.2d 1, 4 (Tex. 1974)
(citations omitted); see also Garcia v. City of San Antonio, 427 S.W.2d
947, 949 (Tex. Civ. App.CSan Antonio 1968, writ ref=d n.r.e.) (holding that trial court
did not err in admitting evidence which was not formally introduced before
Commission because actual evidence heard by agency is not material because parties
have opportunity before court to demonstrate that at time order was entered,
there were or were not sufficient facts justifying order).