Affirmed in Part, Vacated and Dismissed in Part, and Majority and
Concurring Opinions filed March 18, 2008








Affirmed in
Part, Vacated and Dismissed in Part, and Majority and Concurring Opinions filed March 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-03-00399-CV

____________

 

THE CITY OF HOUSTON, Appellant

 

V.

 

DONALD CLARK, Appellee

 



 

On Appeal from the 333rd
District Court

Harris County, Texas

Trial Court Cause No. 00-20826

 



 

M A J O R I T Y   O P I N I O N








In this appeal regarding disciplinary action taken against
a member of the Houston Fire Department, the City of Houston challenges a
summary judgment granted in favor of that member, alleging (1) error in the
district court=s declaratory judgment that an acting fire chief lacks
authority to suspend fire department members, and (2) error by the district
court in concluding that the hearing examiner did not exceed his jurisdiction. 
Under applicable statutes, a district court adjudicating an appeal from a
hearing examiner=s decision lacks jurisdiction to review the merits of that
decision.  Therefore, the district court lacked jurisdiction over the parties=
declaratory-relief requests.  For this reason, we vacate the district court=s judgment in this
regard, and we dismiss the City=s appeal to this extent.  However, because
we have determined that the district court did not err in concluding that  the
hearing examiner acted within his jurisdiction in making his decision, we
affirm the district court=s rejection of the City=s appeal from the
hearing examiner=s award.

I.  Factual and Procedural
Background

In 1999, Houston Fire Department Assistant Chief Chris
Connealy, while serving as Acting Fire Chief, temporarily suspended
appellee Donald Clark, a member of the Houston Fire Department, for failing to
follow the fire department=s regulations.  Clark appealed his
suspension to a hearing examiner.  In his decision, the hearing examiner ruled
that Clark=s Agrievance@ was Adenied@ because just
cause existed for Clark=s suspension.  However, the hearing
examiner also determined that only the appointed Fire Chief, and not the
Acting Fire Chief, had authority to temporarily suspend Clark.  Consequently,
the hearing examiner Agranted@ Clark=s AMotion to Dismiss
the charges against [Clark]@ because he concluded the Acting Fire
Chief had no authority to issue the suspension.

The City of Houston appealed the hearing examiner=s decision to the
district court, and the City also sought a declaratory judgment that an Acting
Fire Chief has the authority to suspend members of the fire department
(hereafter referred to as the Aauthority issue@).  The district
court granted summary judgment for Clark  based on collateral estoppel. 
However, the First Court of Appeals reversed and remanded the case to the
district court.  See City of Houston v. Clark, No. 01-01-00828, 2002 WL
31771188, at *4 (Tex. App.CHouston [1st Dist.] 2002, Dec. 12, 2002,
no pet.) (not designated for publication).  








On remand, Clark filed another motion for summary judgment,
and the City filed a cross-motion for summary judgment.  The district court
denied the City=s motion, and granted Clark=s motion.  In its
judgment, the district court rendered a declaratory judgment that:  (1) the
term Adepartment head,@ contained in
section 143.117 of the Local Government Code, does not include an Acting Fire
Chief who was not appointed by the mayor or confirmed by the city council; (2)
an Assistant Fire Chief temporarily appointed by the Fire Chief to serve as
Acting Fire Chiefs is not empowered with the authority to suspend fire department
members; and (3) Acting Fire Chief Connealy did not have the authority to
suspend Clark.  In its final order, the district court rejected the City=s appeal from the
hearing examiner=s decision.  The City appealed the
district court=s judgment, and this court dismissed the appeal for
lack of subject matter jurisdiction, holding that, under the applicable
statutes, the City had no right to appeal the hearing examiner=s decision and
that the district court=s declaratory judgment was an advisory
opinion.  See City of Houston v. Clark, 142 S.W.3d 350, 353B54 (Tex. App.CHouston [14th
Dist.] 2004), ref=d, 197 S.W.3d 314,
324 (Tex. 2006).  Without addressing this court=s decision
regarding the district court=s declaratory judgment, the Supreme Court
of Texas concluded that the City did have the right to appeal, reversed this
court=s judgment, and
remanded for consideration of the party=s appellate
arguments.  See City of Houston v. Clark, 197 S.W.3d 314, 318B24 (Tex. 2006).

II.  Standard of Review








A summary judgment may be granted if the summary-judgment
record shows that there is no genuine issue of material fact and the movant is
entitled to judgment as a matter of law on the issues expressly set out in the
summary-judgment motion and responses.  Tex.
R. Civ. P. 166a(c).  In a traditional motion for summary judgment, if the movant=s motion and summary-judgment
evidence facially establish its right to judgment as a matter of law, the
burden shifts to the nonmovant to raise a genuine, material fact issue
sufficient to defeat summary judgment.  M.D. Anderson Hosp. & Tumor
Inst. v. Willrich, 28 S.W.3d 22, 23 (Tex. 2000).  In our de novo
review of a lower court=s summary judgment, we consider all the
evidence in the light most favorable to the nonmovant, crediting evidence
favorable to the nonmovant if reasonable jurors could, and disregarding
contrary evidence unless reasonable jurors could not.  Mack Trucks, Inc. v.
Tamez, 206 S.W.3d 572, 582 (Tex. 2006).  The evidence raises a genuine
issue of fact if reasonable and fair-minded jurors could differ in their
conclusions in light of all of the summary-judgment evidence.  Goodyear Tire
& Rubber Co. v. Mayes, 236 S.W.3d 754, 755 (Tex. 2007). 

III.  Issues and Analysis

Declaratory Judgment








The City first challenges the district court=s
declaratory-judgment ruling on the merits as to the authority issue.  Chapter 143
of the Texas Local Government Code offers procedures to fire fighters and
police officers by which to appeal certain adverse disciplinary actions to a
hearing examiner.  See Tex. Loc.
Gov=t Code Ann. ' 143.1016 (Vernon 1999); see generally Tex. Loc. Gov=t Code Ann. ' 143.001 et.
seq. (Vernon 1999).  Under subsection 143.1016(c) of the Texas Local
Government Code, a hearing examiner=s decision is
final and binding on all parties.  Tex.
Loc. Gov=t Code Ann. ' 143.1016(c); Clark, 197 S.W.3d at
318.  Subsection 143.1016(j) permits a district court to hear an appeal of a
hearing examiner=s award.  Tex. Loc. Gov=t Code Ann. ' 143.1016(j); Clark, 197 S.W.3d at
318.  However, such an appeal is limited to three grounds:  (1) the hearing
examiner[1]
lacked jurisdiction; (2) the hearing examiner exceeded his jurisdiction; or (3)
the hearing examiner=s decision was procured by fraud,
collusion, or other unlawful means.[2] 
Tex. Loc. Gov=t Code Ann. ' 143.1016(j); see
Clark, 197 S.W.3d at 318; City of Houston v. Williams, 99 S.W.3d 709, 713 (Tex. App.CHouston [14th Dist.] 2003, no pet.). 
The
City has never asserted the third ground; however, it did assert the first two
grounds in the district court.  








Whether
the hearing examiner correctly determined the authority issue is irrelevant to
the resolution of the City=s appeal.  The district court below made declarations on the merits of the authority
issue.  The City challenges these declarations in its appeal in this court. 
However, the district court lacked jurisdiction to make these declarations
because the hearing examiner ruled on this issue in his decision and, by
statute, the district court cannot review the merits of this decision but only
the three non-merits issues listed in section 143.1016(j).  See Tex. Loc. Gov=t Code Ann. ' 143.1016(j); Clark, 197 S.W.3d at 324; Williams, 99 S.W.3d at 713
(holding district court lacked jurisdiction to make declaration regarding
merits of firefighter=s appeal to hearing examiner).  Therefore, although a case or
controversy exists regarding the authority issue, section 143.1016 deprives the
district court of jurisdiction to make a declaration regarding this issue.[3] 
Because the district court lacked jurisdiction, this court lacks jurisdiction
over the City=s appeal from the district court=s declaratory judgment; therefore, as
to this part of the district court=s judgment, we vacate the judgment
and dismiss the City=s appeal.[4]  See Gantt v. Gantt,
208 S.W.3d 27, 31 (Tex. App.CHouston [14th Dist.] 2006, pet. denied) (vacating trial court
judgment and dismissing appeal based on lack of subject matter jurisdiction in
the trial court).

The Hearing Examiner=s Jurisdiction

The City also contends the district court
erred by rejecting the City=s contention that the hearing examiner
exceeded his jurisdiction based on his lack of jurisdiction to rule on the
authority issue because, the City asserts, this issue was not stated as a ground in Clark=s notice of appeal to the hearing
examiner, as the City asserts is required by section 143.010(b).  See Tex. Loc. Gov=t Code Ann. ' 143.010(b) (Vernon 1999).  Presuming that this section
applies to appeals to a hearing examiner, courts have held that an appellant
must include in the notice of appeal one of the statements contained in the
second sentence of section 143.010(b) in order to invoke appellate jurisdiction
under section 143.010(b).  See id; City of Temple Firemen=s and Policemen=s Civil Serv. Comm=n v. Bender, 787 S.W.2d 951, 952 (Tex. 1990)
(per curiam); Fire Fighters= and Police Officers= Civil Service Commission of City of
Houston v. Caezer,
725 S.W.2d 431, 433 (Tex. App.CHouston [14th Dist.] 1987, writ ref=d n.r.e.).  The City does not assert that Clark failed to invoke the hearing examiner=s jurisdiction at all by failing to
include one of these grounds in his notice of appeal; rather, the City asserts
that the hearing examiner=s jurisdiction is limited to only those grounds stated in the
notice of appeal and that Clark did not state the authority issue as a ground
in his notice.  








The City has not cited and research
has not revealed any cases addressing the issue of whether an appeal to a
hearing examiner is limited to the grounds specified in the notice of appeal.[5]  Nonetheless, the City has a proof
problemCthe appellate record does not reflect
what grounds Clark stated in his notice of appeal.  Our record does not contain
Clark=s notice of appeal to the hearing
examiner, and it does not indicate that this document was before the district
court.  The only reference to Clark=s notice of appeal in the record is
in the parties= district court stipulations, in which they agree that AClark timely appealed his suspension
to an independent third-party hearing examiner under the provisions of Chapter
143, Texas Local Government Code.@  Even if section 143.010 applied and
limited Clark=s appeal to the grounds stated in his notice of appeal,[6]
because the notice is not contained in our record, we would presume that the
missing document supports the district court=s determination that the hearing
examiner did not exceed his jurisdiction.  See, e.g., Middleton v.
Nat=l Fam. Care Life Ins. Co., No. 14-04-00428-CV, 2006 WL 89503, at *2 (Tex. App.CHouston [14th Dist.] Jan. 17, 2006,
pet. denied) (mem. op.) (holding that, because appellate record did not contain
a complete record of the trial, this court would presume the omitted portions
are relevant to the disposition of the appeal and support the trial court=s judgment); Hiroms v. Scheffey,
76 S.W.3d 486, 489 (Tex. App.CHouston [14th Dist.] 2002, no pet.) (holding that the court
could not address the merits of an alleged charge error because appellate
record did not contain a complete record of the trial proceedings).  Therefore, we cannot reach the merits
of the City=s argument because we cannot review the contents of Clark=s notice of appeal.  See
Middleton, 2006 WL 89503, at *2; Hiroms, 76 S.W.3d at 489.  








The City also
asserts that the hearing examiner lacked jurisdiction to rule on the authority
issue or exceeded his jurisdiction in doing so because the hearing examiner
abused his discretion and ignored or misinterpreted controlling law.  As stated
above, the district court and this court lack jurisdiction to review the merits
of the hearing examiner=s decision, including issues regarding
whether the hearing examiner abused his discretion and ignored or
misinterpreted controlling law.  See
Tex. Loc. Gov=t Code Ann. ' 143.1016(j); Williams, 99 S.W.3d at 713.

Finally, the City argues that, under
section 143.118 of the Texas Local Government Code,  the hearing examiner=s jurisdiction over an appeal of a
suspension is limited to deciding whether the suspension (1) is supported by
just cause, (2) should be reduced, or (3) should be reversed.  See Tex. Loc. Gov=t Code Ann. ' 143.118 (Vernon 1999).  However, this statute does not
expressly purport to set forth or limit a hearing examiner=s jurisdiction, and the City has not
provided any argument, analysis, or authorities in support of its assertion
that this jurisdiction is so limited.  Therefore, we conclude that the City has
waived this challenge to the district court=s judgment. See Tex. R. App. P. 38.1(h); San Saba Energy, L.P. v. Crawford, 171 S.W.3d 323, 337 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 









In any event, even absent briefing
waiver, the City would not prevail.  In conducting a hearing in an appeal of a
suspension, a hearing examiner has the same powers as the Fire Fighters= and Police Officers= Civil Service Commission.  Tex. Loc. Gov=t Code Ann. '' 143.003(1), 143.1016(f).  Therefore, this court has
concluded that a hearing examiner has the authority to interpret statutory
provisions and make decisions thereon.  See Williams, 99 S.W.3d at 717; Lindsey v. Fireman=s and Policeman=s Civil Serv. Comm=n, 980 S.W.2d 233,
236B37 (Tex. App.CHouston [14th Dist.] 1998, pet.
denied).  For this reason, the hearing examiner did not exceed his jurisdiction
by deciding the authority issue based on his interpretation of the statutes at
issue.  In addition, a hearing examiner, as the hearing examiner did in this
case, may reverse a suspension and order that the fire fighter or police
officer be restored to his prior position with backpay.  Tex. Loc. Gov=t Code Ann. ' 143.118(b).  The hearing examiner stated that he was denying
Clark=s grievance but granting Clark=s motion to dismiss asserting that
his suspension was invalid but Acting Fire Chief Connealy lacked the authority
to suspend Clark.  In reviewing his decision, the hearing examiner concluded
that, although Clark engaged in conduct that would justify the suspension
given, Clark=s suspension should be reversed because the Acting Fire Chief had no
authority to suspend Clark.  Accordingly, the hearing examiner reversed Clark=s suspension and ordered Clark
reinstated with backpay.  The hearing examiner=s determinations and rulings, as set
forth in the award, were not made without jurisdiction or in excess of
jurisdiction.  See Tex. Loc. Gov=t Code Ann. '' 143.1016(f), 143.118; Williams, 99 S.W.3d at 717; Lindsey, 980 S.W.2d at
236B37.  The district court did not err in
rejecting the City=s appeal.  Accordingly, we overrule the City=s issues to the extent the City
challenges the district court=s rejection of the City=s appeal, and we affirm the district
court=s ruling in this regard.

 

 

 

/s/      Kem
Thompson Frost

Justice

 

Judgment rendered
and Majority and Concurring Opinions filed March 18, 2008.

Panel consists of
Justices Frost, Guzman, and Edelman.*
(Edelman, S. J.,concurring).         









[1]  See Tex. Loc.
Gov=t Code Ann. ' 143.1016(j); see also id. ' 143.057(j) (Vernon 1999).  Both subsection 143.057(j) and subsection 143.1016(j) refer to a
police officer=s or fire fighter=s
ability to appeal a hearing examiner=s
award on the basis that Athe arbitration panel@ lacked jurisdiction or exceeded its jurisdiction.  See id. '' 143.057(j), 143.1016(j).  The legislature=s
use of the phrase Aarbitration panel@ is
difficult to explain in the context of an appeal from a hearing examiner=s decision.  See Clark, 197 S.W.3d at 318 n.5.  It may be explained by the fact that the American
Arbitration Association apparently provides the hearing-examiners.  For
purposes of this opinion, it is presumed that the references in the statutes 
to an Aarbitration panel@
include hearing examiners.  See id.





[2]  This appeal primarily involves subsection
143.1016(j) of the Texas Local Government Code as  the City is a municipality
with a population of 1.5 million people or more.  See Tex. Loc.
Gov=t Code Ann. ' 143.1016(j); see Clark, 197 S.W.3d at 317 n.4.  However,
the language at issue in this case regarding  appeals of hearing-examiner
decisions in sections 143.1016(c) and (j) is substantially similar to the
language of sections 143.057(c) and (j).  See Tex. Loc. Gov=t
Code Ann. '' 143.057(c), (j), 143.1016 (c), (j).  





[3]  In Nuchia v. Woodruff, this court held that,
despite section 143.1016, the district court had jurisdiction to make a
declaration as to whether the hearing examiner exceeded his jurisdiction, in
addition to ruling on an appeal on this same basis.  956 S.W.2d 612, 615B18 (Tex. App.CHouston
[14th Dist.] 1997, pet. denied).  However, in that case, the requested
declaration addressed the same issue that would decide the appeal from the
hearing examiner=s decision rather than the merits of the hearing
examiner=s decision.  Therefore, the Woodruff case is
not on point.  See id.





[4]  Our concurring colleague concludes that the district
court lacked jurisdiction to render a declaratory judgment as to the authority
issue based on a lack of standing.  See post at pp. 2B3.  Our colleague reasons that there is no standing
due to a lack of case or controversy regarding the requests for declaratory
relief because the authority issue will be resolved by the City=s appeal of the hearing examiner=s decision.  See id.  However, after concluding
there is no jurisdiction as to the declaratory-judgment issue because the City=s appeal will resolve the authority issue, our
colleague would adjudicate the City=s
appeal without addressing the authority issue.





[5]  No court appears to have addressed this issue, and
it appears to be one of first impression.





[6]  Our concurring colleague states that the City agreed
to include the authority issue in the appeal to the hearing examiner; however,
this point is only relevant to the analysis if, contrary to the City=s argument, the hearing examiner=s jurisdiction is not limited to the grounds stated in
the notice.  See
post at pp. 5B6; Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 443 (Tex. 1993)
(noting how jurisdiction is essential to the authority to hear a case and
cannot be waived); In re Powers, 974 S.W.2d 867, 871 (Tex. App.CHouston [14th Dist.] 1998, orig.
proceeding) (ASubject matter jurisdiction cannot
be conferred by consent, waiver, or estoppel.@).





*  Senior Justice Richard H. Edelman, sitting by
assignment